WARREN   BARNHART, RESPONDENT *v.*  CASSLE
FOLEY, APPELLANT.[1]

ATTACHMENT.—MOTION TO DISSOLVE.—AFFIDAVIT.—A verified mo-
   tion to dissolve an attachment made on information and
   belief without any affidavit, is insufficient where the affidavit
   on which the writ was issued is a positive declaration under
   oath of the facts therein alleged; and it is not error to exclude
   parol testimony offered by the defendant in support of the
   motion, since the defendant, by failing to support his motion
   by affidavit, the plaintiff was precluded from opposing the
   same by affidavit or other evidence.

(No. 554.   Decided March 16, 1895.   39 P. R.   823.)

APPEAL from the District Court of the Third Judicial
District.   Hon. C. S. Zane, *Judge.*

Action by Warren Barnhart against Cassle Foley accom-
panied by attachment.    From an order denying a motion
to dissolve the attachment, defendant appeals.   *Affirmed.*

*Messrs. Sawyer & Putnam,* for appellant.

A    writ of attachment is improvidently or improperly
issued when it is issued in an improper case in fact,

---

[1] Re-hearing denied April 27, 1895.

though the allegations of the affidavit are on their face-sufficient. Drake on Att., § 397; Waples on Att., pp. 425, 426. All the averments named in §. 3309, Vol. II, Comp. Laws, must be contained in the affidavit to warrant the issuance of the writ of attachment, and if either of them be denied by the defendant it must be sustained by proof, and the burden is on the plaintiff. *Drug Co.* v. *Allen,* 8 Utah, 117; 1 Wade on Att., p. 537. Defendant's motion to dissolve the attachment was verified. It thus became an affidavit, according to the definition of an affidavit by Webster and other authorities. See *Harris* v. *Lester,* 80 Ill. 307; 1 Ency. of Law, 307. As all matters stated in the motion were stated absolutely, that portion of the verification which says, "except those stated on information and belief," is mere surplusage. Consequently, the affidavit was made absolutely and not upon information and belief. *Petterson* v. *Ely,* 19 Cal. 28, 40; *Seattle Co.* v. *Thomas,* 57 Cal. 197; *Nelson* v. *Munch,* 23 Minn. 229; *Fulweiler* v. *Mining Co.,* 83 Cal. 126. The defendant having traversed the material allegations of plaintiff's affidavit, the burden then rested upon the plaintiff to sustain the facts denied by material evidence. This he failed to do, and the motion to dissolve should have been granted. *Drug Co.* v. *Allen, supra;* 1 Wade on Att. p. 537; *Coston* v. *Paige,* 9 Ohio St. 397; *Mitchell* v. *Carney,* 41 Kas. 139; *Wilcox* v. *Smith.* 55 N. W. R. (S. D.) 1107; *Jordan* v. *Dewey,* 59 N. W. R. 88; *Brown* v. *Blanchard,* 39 Mich. 790.

*Messrs. Sutherland & Howat ,* for respondent.

BARTCH, J.:

In this cause an appeal was taken from an order denying a motion to dissolve an attachment, which had been issued on September 6, 1893, at the suit of the plaintiff,

to recover $3,000 on a promissory note which was secured by mortgage on real estate. The affidavit on which the writ of attachment was issued was in proper form, and stated, among other things, that the "mortgage has, without any act of the plaintiff, to whom it was given, become valueless," and that it was not otherwise secured. This is one of the statutory grounds on which an attachment may issue. Comp. Laws Utah, 188,8 § 3309, subd. 1. On October 10, 1894, the defendant filed a verified motion to dissolve the attachment, but otherwise filed no affidavit in support of said motion. His counsel claim that the motion, having been verified, answers the double purpose of a motion and affidavit; that the motion presented an issue, because it traversed the essential averments in the affidavit of attachment; and that it was error to exclude parol testimony offered by the defendant in support of his motion. The motion, which the defendant relied on as an affidavit, was verified on information and belief, in the same manner as pleadings are usually verified. While the affidavit of the plaintiff was positive and certain in its terms, was made in the usual form of affidavits, and stated that the security had become valueless without any fault on his part, the alleged affidavit or motion of the defendant stated that the security was worth not less than $1,000. Both of these allegations are material, and present the issues in the case. The former is a positive declaration under oath; the latter, it must be assumed, was made on information and belief; so that, if it were conceded that the motion had the force and effect of an affidavit, still an allegation made on information and belief, in a proceeding to discharge an attachment, cannot prevail as against one stated as a positive fact. We think the verified motion was insufficient to discharge the attachment, and that the court did not err in excluding parol

testimony offered for that purpose, because, the defendant failing to support his motion by affidavit, the plaintiff was precluded from opposing the same by affidavit or other evidence. Comp. Laws Utah, 1888, § 3327. The defendant, having proceeded under the statute in a manner which prevented the plaintiff from supporting his affidavit in attachment by parol evidence, thereby precluded himself from introducing such evidence in support of his motion, for it would be manifestly unjust, in such a proceeding, to grant the right to one party to introduce such evidence when such right was denied to the other. Under the proceedings there was presented by the issue simply a question of law, whether the verified motion of the defendant was sufficient to dissolve the attachment, which we think the court decided correctly. The judgment is affirmed.

SMITH and KING, JJ., concur.