# BANK OF COMMERCE v. LATHAM.

ATTACHMENT — MOTION TO DISSOLVE — TRAVERSE OF AFFIDAVIT.

1. An affidavit for attachment is not sufficiently traversed by a motion to dissolve unsupported by affidavit, either to throw upon plaintiff the burden of establishing by proof the truth of the grounds alleged or to authorize a dissolution of the attachment.

2. A mere motion to dissolve an attachment upon grounds apparent upon the face of the affidavit is sufficient; but where the truth of the allegations of the affidavit is questioned by the motion, the latter should be supported by an affidavit denying the allegations intended to be controverted in no uncertain terms.

[Decided May 8, 1899.]

ERROR to the District Court, Sheridan County, HON. JOSEPH L. STOTTS, Judge.

The facts are stated in the opinion.

*E. E. Lonabaugh* and *W. S. Metz*, for plaintiff in error.

A denial by motion, unsupported by affidavit, of the truth of the grounds for attachment as alleged in the affidavit for attachment, amounts to no denial at all, and creates no issue. Until an affidavit is filed by defendant denying the grounds set forth in the attachment affidavit, the plaintiff can not be required to submit proof to sustain the writ. (R. S., Sec. 2911, 2918; Barton v. Ferguson, 37 S. W., 49; Sawyer v. Flow, 1. C. C. A., 56; 48 Fed., 207; Jordan v. Dewey, 59 N. W., 88; Jenks v. Richardson, 71 Fed., 365; Bank v. Bailer, 67 N. W., 865; Bank v. Swan, 3 Wyo., 368; Wearne v. France, id., 273.)

No appearance for defendant in error.

KNIGHT, JUSTICE.

This is an appeal from an order of the district court dissolving an attachment upon motion of the defendant's attorney, in which said motion the grounds for the attachment contained in plaintiff's affidavit are set out and denied.

This action was originally brought under the provisions of the Revised Statutes of 1887, which read as follows:

"Section 2912. A creditor may bring an action on his claim before it is due, and have an attachment against the property of the debtor:

First. When a debtor has sold, conveyed, or otherwise disposed of his property with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts; or,

Second. Is about to make such sale, conveyance, or disposition of his property, with such fraudulent intent; or,

Third. Is about to remove his property, or a material part thereof with the intent, or to the effect of cheating or defrauding his creditors or of hindering or delaying them in the collection of their debts; or where the defendant is about to become a non-resident of the State. (S. L., 1886, Ch. 60, Sec. 564; R. S. O., Sec. 5564)."

"Sec. 2913. The attachment authorized by the last section may be granted by the court in which the action is brought, or by a judge thereof; but before such action shall be brought, or such attachment granted, the plaintiff or his agent or attorney, shall make an oath in writing, showing the nature and the amount of the plaintiff's claim, that it is just when it will become due, and the existence of any one of the grounds for attachment enumerated in the last preceding section. (S. L. 1886, Ch. 60, Sec. 565, R. S. O., Sec. 5565)."

In pursuance of the above statute the plaintiff presented

to the court his affidavit, in writing, which reads as follows:

" In the District Court of Sheridan County, Wyoming: The Bank of Commerce, a corporation, Plaintiff, v. I. P. Latham, Defendant, Affidavit for attachment. B. F. Perkins, of lawful age, being first duly sworn according to law, deposes, and says that he is the president and agent of the plaintiff above named; that said defendant is justly indebted to said plaintiff in the full and just sum of $300, and that said indebtedness arises out of two promissory notes, each of the sum of $150, made, executed, and delivered by said defendant to H. R. Camp, and by said H. R. Camp duly indorsed, transferred, and assigned to the plaintiff herein for a valuable consideration, before maturity, in the ordinary course of business. That said claim is just. That said claim will become due and payable May 1, 1898. That the amount which this affiant believes the plaintiff ought to recover· from said .defendant is the sum of $300, together with reasonable attorney fee, and that said defendant is about to sell, convey, and dispose of his property with the fraudulent intent to cheat and defraud his creditors, and to hinder and delay them in the collection of their debts; and that said defendant is about to remove his property out of the jurisdiction of this court with the intent and to the effect of cheating and defrauding his creditors and of hindering and delaying them in the collection of their debts, and that said defendant is about to remove from and become a non-resident of the State of Wyoming."

The court thereupon made the following order (omitting the title):

" This cause coming on to be heard this 1st day of February, 1898, on the affidavit of B. F. Perkins, president and agent of said plaintiff, and upon the verified petition of plaintiff praying for an order for a writ of attachment against the property of said defendant, and the court having heard the said petition and affidavit read, and

being fully advised in the premises, finds that the application of plaintiff for a writ of attachment should be granted.

"It is therefore ordered by the court that a writ of attachment be issued by the clerk of said court under the seal thereof, directed to the sheriff of said county, and against the property of said defendant, and that the same be issued in the sum of $450."

Thereafter within the time and as provided by law, the writ of attachment having been issued and served, said defendant by his attorney filed in said case the following motion to discharge attachment (omitting the title):

"And now comes the defendant I. P. Latham, and moves the court to discharge the attachment as to the property attached in this case at the suit of the plaintiff for the following reasons: The defendant denies that the statements in the affidavit for attachment filed in said cause, to wit: 'And said defendant is about to sell, convey, and dispose of his property with fraudulent intent to cheat and defraud his creditors, and to hinder and delay them in the collection of their debts, and that said defendant is about to remove his property out of the jurisdiction of this court with the intent and to the effect of cheating and defrauding his creditors and of hindering and delaying them in the collection of their debts; and that said defendant is about to remove from and become a non-resident of the State of Wyoming' are true, but they are each and all wholly false and untrue and will so appear and be shown on the hearing hereof."

A hearing was had upon said motion, the record ·of which is as follows (omitting the title):

"Hearing upon motion to discharge attachment had this 1st day of March, A. D. 1898. This cause came on to be heard upon the motion to dissolve the attachment, and motion denying the grounds of the attachment. The court holds that the grounds of the attachment being denied by the defendant, that the burden of proof to sustain the allegations of the attachment is upon the plaintiff. The plaintiff refuses to produce any evidence sustaining the

grounds alleged for his attachment excepting the original affidavit filed in the case for attachment. The defendant also furnishes no evidence nor affidavit, but simply filed his motion denying the truth of the grounds alleged in the affidavit for attachment. The grounds being denied by the defendant in his motion, and the plaintiff refusing to produce evidence sustaining his original affidavit, and the grounds set out therein, in addition to such affidavit which is submitted herein, the court orders the attachment dissolved, to which ruling of the court the plaintiff by its counsel duly excepts.''

Plaintiff thereupon comes regularly to this court on error, and defendant having filed no brief nor otherwise appeared herein the case is heard upon the record and the brief of plaintiff in error under the rule.

The motion presented by defendant to discharge the attachment is authorized by Sec. 2910 of the Revised Statutes which reads: ''The defendant may, at any time before judgment, upon reasonable notice to the plaintiff, move to discharge the attachment as to the whole or any part of the property attached; and the motion may be heard and decided by the court at any term or regular session thereof; or it may be made, heard, and decided by any judge thereof in vacation. (S. L. 1886, Ch. 60, Sec. 562; R. S. O., Sec. 5562).'' And the following Section 2911, explains the procedure to some extent. It reads as follows: '' When the motion is made upon affidavits on the part of the defendant, or papers and evidence in the case, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence, in addition to the evidence on which the order of attachment was made. (S. L. 1886, Ch. 60, 563; R. S. O., Sec. 5563.)'' These sections of our laws to which we have referred giving citations at length show conclusively that they were adopted by our Legislature from the code of Ohio. We find that the courts of Ohio have held that, '' An affidavit in attachment in the language of the statute is sufficient.'' Emmett v. Yeigh, 12 O. S., 335, and this court in Smith

D. Co. v. Casper D. Co., 5 Wyo., 510, held the same. In Harrison and Wiley v. King, Carey, and How., 9 O. S., 388, the court says: "But there is a class of grounds for an attachment provided by the code to which different considerations would seem to apply. In certain cases an order of attachment may be obtained in an action brought before the debt is due. The attachment is to be granted by the court or a judge thereof. No specific form of showing the existence of the grounds is pointed out. In like language as in an ordinary case, the plaintiff is required to make an oath in writing, showing the nature of his claim; that it is just; when the same will become due; and 'the existence of some one of the grounds for attachment enumerated.' We think, however, that in this class of cases proper practice would require that something more than a mere repetition of the code should be presented to the judge. He ought to be placed in a position to act intelligently in the exercise of the power and discretion conferred by the code. A court or judge, before allowing an attachment in an action for a debt not due, might very properly require a statement of facts and circumstances, such as ordinarily evince and disclose an intent, purpose, or effect in the disposition of the property injurious to the rights of creditors, and not act upon what might very probably be mere belief, or an inference hastily drawn. In the present case the affidavit certainly disclosed no such facts or circumstances, and the order might, and we might say ought to, have been refused. But the order having been allowed, the question whether the action of the judge, in granting it, or in refusing to discharge it upon the ground of the insufficiency of the affidavit, can be reviewed or corrected, is quite different, and is controlled by other considerations." In Jenks et al. v. Richardson, an Ohio case reported in 71 Fed., 365, the court says, "A motion to discharge an attachment should be supported by an affidavit traversing the facts set out in the affidavit of plaintiff upon which the attachment was issued."

21

In the case of Barnhart v. Foley, 11 Utah, 191, counsel for defendant presented a motion to dissolve the attachment which was verified, and the claim was made that it thereby served as an affidavit as well; and it seems to be conceded in this case that a traverse of the affidavit for attachment can only be made upon affidavit denying the material allegations therein contained. In this case the court uses the following language, "We think the verified motion was insufficient to discharge the attachment, and the court did not err in excluding parol testimony for that purpose, because, the defendant failing to support his motion by affidavit, the plaintiff was precluded from opposing the same by affidavit or other evidence. Comp. Laws Utah 1888, Sec. 3327. * * * Under the proceedings there was presented by the issues simply a question of law, whether the verified motion of the defendant was sufficient to dissolve the attachment, which we think the court decided correctly." The Section 3327, Comp. Laws Utah 1888, referred to in the foregoing, is practically the same as our Sec. 2911, supra.

We are of the opinion that a motion to dissolve an attachment is sufficient to call to the attention of the court or judge defects in the affidavit apparent by reason of a failure to comply with statutory provisions regarding the same. But where the truth of the allegations contained in the affidavit are to be called in question by the traverse, the motion should be supported by affidavit which negative such allegations in no uncertain terms. And that in this case the learned trial judge committed error in sustaining the motion to dissolve the attachment without any legal assault having been made upon the affidavit upon which it was issued, for which ruling the judgment of the district court dissolving the attachment is reversed and the case is remanded with instructions to the district court to vacate its order dissolving the attachment.

*Reversed.*

POTTER, C. J., and CORN, J., concur.