MAYER & SCHURMANN, PLAINTIFFS IN ERROR, V. CHRISTINE ZINGRE, DEFENDANT IN ERROR.

1. **Attachment:** MOTION TO DISCHARGE. When a motion to discharge an attachment for the reason that the facts stated in the affidavit are untrue, has been heard on affidavits in support as well as in resistance, decided thereon by the trial court, brought to this court on error, and it appears from an examination of such affidavits that there is a conflict of evidence, the order of the trial court will not be disturbed unless the preponderance of evidence against it is clear and decisive.

2. ———: PETITION. A cause of action in a petition upon a debt not fraudulently contracted, if coupled with a cause of action upon a debt which was fraudulently contracted, and an order of attachment covering both counts is issued upon an affidavit alleging that " said defendant fraudulently contracted the debt and incurred the obligation for which this suit is brought," *Held,* To vitiate such order of attachment and justify its discharge.

ERROR to the district court for Dodge county. Tried below before POST, J.

*E. F. Gray,* for plaintiffs in error, cited: 1 Bouvier

Dic., 436. 2 Id., 251. Chitty on Bills (13 Amer. Ed.),. 516. Comp. Stat., Chap 41, § 1.

N. H. Bell and W. H. Munger, for defendant in error,. cited : Bowen v. True, 53 N. Y., 640. McGovern v. Payn, 32 Barb., 84.

COBB, CH. J.

The plaintiffs sued out an attachment against the de-. fendant in the county court of Dodge county upon an indebtedness consisting of a promissory note executed and delivered .by the defendant to the plaintiffs for the sum of $330.11, and a balance of account for goods sold amount-ing to $51.09. The grounds of attachment as set out in. the affidavit were : " That the said defendant has assigned, removed, and disposed of a part of her property with intent to defraud her creditors, and that said defendant is about to assign, remove, and dispose of a part of her property with the intent to defraud her creditors, and that said defendant has converted a part of her property into money with the. intent to defraud her creditors and with intent to place it beyond the reach of her creditors; and that said defendant is about to convert a part of her property into money for the purpose of placing it beyond the reach of her creditors, and with intent to defraud her creditors; and .that said defendant fraudulently contracted the debt and incurred the obligation for which this suit is brought."

The defendant moved in the said county court to dis-charge the said attachment upon affidavits filed with such motion. The plaintiffs filed affidavits in resistance; the. motion was heard thereon and the court decided the same in favor of .the defendant and discharged the said attach-ment. Thereupon the matter was' taken to the district court of said county on error, was argued to said district court, by which the said judgment of the county court was affirmed. And thereupon the plaintiffs bring the cause to. this court on error.

Although presented in several different ways, there is but one error presented, to-wit, that the district court erred in affirming the judgment of the county court dismissing the order of attachment.

Upon a thorough examination of the pleadings and affidavits, as well those in resistance as those in support of the motion, and the authorities cited on either side, in the consultation room, we all came to the conclusion that, so far as all the grounds for attachment as contained in the original affidavit, except the last one, are concerned, the same being denied by the defendant and her agent, the evidence is so evenly balanced and conflicting as to render the judgment of the trial court conclusive thereon. In respect to the last clause of the original affidavit, to-wit: "That said defendant fraudulently contracted the debt and incurred the obligation," etc., it is true that the same is in terms denied in the affidavits of the defendant, her husband, and son. Yet we do not think the denial sufficient in view of the affidavit in resistance of Ernest Schurman, one of the plaintiffs, who states in his said affidavit, "That September 17, 1883, the said Christine Zingre, defendant, was indebted to the plaintiffs for goods sold and delivered to her in the sum of $330.11. * * * Said Jacob Zingre, as her agent, done and transacted all of the business in relation to her store, and personally kept the same, * * * and said $330.11 being then due and payable, I asked said Jacob Zingre for payment, and thereupon said Jacob Zingre asked me for further time to pay the same, and to induce the affiant to extend the time of payment he represented in behalf of the defendant that her stock of goods in her said store was worth the sum of $2,500, and that she owned twenty-two head of young cattle, worth $500, and that she was not owing—outside of a debt of about $900, secured by mortgage on her homestead—to exceed five hundred dollars, the largest part of which was due the plaintiffs, * * * and requested me to take her note for the

amount due in ninety days, and to continue to sell her goods, * * * and thereupon affiant, believing said statement and representation, and relying upon the same, did take the note sued upon in this action, and did sell and deliver to her the goods, the amount of which are set up in the second count of the petition herein," etc. This affidavit must have been taken as true, as it was not contradicted by any affidavit in reply, and while it may be doubted that the evidence was sufficient to establish the falsity of these representations in so far as they related to the amount and value of the stock of goods in defendant's store, it was sufficient to establish their falsity in regard to the amount of her indebtedness, and such representation being false was. *prima facie* fraudulent. And a debt contracted or an obligation incurred by reason of and upon such false and fraudulent representations would doubtless be a proper foundation for an attachment. But it seems that the principal debt had been contracted and obligation incurred before these representations were made, and the only effect upon said principal debt that the said representations had was to induce the plaintiffs to consent to change it from an open account to a note at ninety days. Nevertheless, we are all of the opinion that it remained the same debt in the meaning of the attachment law, and that fraud to sustain an attachment must have existed at or before the time of its. original contracting. Such fraud did exist at the time of the contracting of the debt, which still stands in an open account, to-wit, $51.34, and upon it attachment would doubtless lie.

The only question which remains to be considered is, whether an attachment which has been issued on two causes of action, one of which is a proper and statutory cause for attachment, and the other of which is not, can be sustained. The framers of the statute seem to have recognized the process of attachment as a harsh remedy, and one which, though proper in a certain class of cases, should

be confined within strict and narrow limits.    Hence they provided that an order of attachment should only be issued in any case after an affidavit has been filed, showing the nature of the plaintiff's claim, that it is just the amount which the affiant believes the plaintiff ought to recover, and the existence of some one of the grounds for an attachment enumerated in the preceding section.    These, with other provisions, clearly indicate the purpose of the legislature to secure the people against unauthorized and excessive attachments.    These provisions would afford no protection if a party holding a small claim, upon which an attachment might lawfully issue, may attach to it another claim, upon which, under the law, no attachment could be issued, and obtain an attachment for the consolidated and increased amount.

The New York cases cited by counsel for the defendant, in the absence of authorities to the contrary, are sufficient as authority, yet I think the reason why the attachment should be confined to the cause of action upon which an attachment may properly issue, and that the consolidating therewith, and thus increasing the amount of plaintiff's claim by the addition thereto of a cause of action, upon which, if standing alone, no attachment could lawfully issue, will vitiate the whole, is so plain and manifest as to render authorities to that effect of secondary importance.

The order and judgment of the district court are affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.