## C. D. SMITH DRUG CO. v. THE CASPER DRUG CO.

EXCEPTIONS — BILL OF — RECORD MUST SHOW TIME GIVEN TO PREPARE — ATTACHMENT — AFFIDAVIT FOR — FRAUDULENT CONTRACTING OF PART ONLY OF DEBT SUED ON — REVIEW OF ORDER DISSOLVING OR SUSTAINING ATTACHMENT — FINAL ORDER.

1. The party excepting to a ruling of the court or judge, must do so at the time the decision is made, and ask time

in which to reduce his exceptions to writing and present them for allowance, and this time can not extend beyond the first day of the next term of court.

2. The record must show the order giving the time beyond the term at which the decision was made, or if not made in term time, within the time fixed by the judge in vacation in which to present the bill, and the order must appear by an entry of record.

3. A recital in the bill that time was given is not sufficient.

4. A court of error before reversing the decision of an inferior court upon a question of fact involved in a motion to discharge an attachment should be satisfied that such decision was clearly erroneous.

5. The fact that defendant had offered to mortgage his property to plaintiff including in the mortgage the claim of another creditor not yet due, the latter to be paid after the discharge of the debt due plaintiff, does not sustain the charge as ground for attachment, that defendant was about to dispose of its property with intent to defraud its creditors.

6. An attachment should be confined to the cause of action upon which it may properly issue; and the increase of the plaintiff's proper claim by adding an amount, which, if standing alone, would not be a claim for which the attachment could lawfully issue, will vitiate the whole.

7. Where the ground of attachment is that defendant fraudulently contracted the whole debt, and only a part of the debt, if any, was fraudulently contracted, the attachment can not be sustained.

8. An order dissolving or sustaining an attachment is a final order affecting the substantial rights of the parties, and may be reviewed without bringing up the whole case after final judgment.

9. An affidavit for attachment is sufficient, which, in the language of the statute, or in equivalent terms, states positively that the debt was fraudulently contracted, without showing in detail the facts relating thereto. (Remarks of Mr. Justice Saufley in Bank v. Swan, 3 Wyo., 372, distinguished.)

[Commenced in District Court, December 12, 1893. Decided July 1, 1895. Rehearing denied November 5, 1895.]

Error to the District Court for Natrona County, Hon.
John W. Blake, Judge.

The C. D. Smith Drug Company brought suit against the
Casper Drug Company for the recovery of money, and ob-
tained an attachment. On motion of the defendant, and upon
a hearing before the judge in vacation, the attachment was
dissolved. Plaintiff prosecuted error. The material facts are
stated in the opinion.

*C. C. Wright,* for plaintiff in error.

The affidavit stated the grounds positively, in the language
of the statute, and was sufficient. The representations of the
officers of the defendant company respecting its financial con-
dition were false, and could have been made only to defraud
the plaintiff. The attachment on this ground should have
been sustained. (Emerson v. Detroit, etc., 100 Mich., 127;
Marks v. Stoner, 11 S., 186; Gries v. Blackman, 30 Mo. App.,
2; Rosenthal v. Whehe, 58 Wis., 621.) An order dissolving
an attachment is a final order. (3 Wyo., 356; Bank v. Mor-
gan, 26 Neb., 148.) The representations made to the com-
mercial agency were competent to show fraud. (Stevens v.
Ludlum, 48 N. W., 771.)

*Chester B. Bradley,* for defendant in error.

The order is not a final order and cannot be reviewed.
(Bank v. Swan, 3 Wyo., 356; 1 Wade on Attachment, sec.
294.) Questions of fact only were mainly involved in the
decision, and if sustained by any evidence, it will not be dis-
turbed. (Boberg v. Prahl, 3 Wyo., 325; U. S. v. Trabing,
id., 144.) The affidavit was insufficient upon the first ground
for attachment. The facts to show the fraud should have
been stated. (Bank v. Swan, supra.) The case was decided
correctly on the law and facts. (Carpenter v. Wall, 11 Ad. &
El., 803; Smith v. Davis, 3 N. Y., 734; 2 Rice Ev., 841-2, 845-
6.) The attachment must fail because the ground alleged
does not apply to the entire claim. (Stiff v. Fisher, 21 S. W.,
294; Estlow v. Hanna, 42 N. W., 812; Myer v. Zingre, 25 id.,

727.)  To establish fraud as ground for attachment, there must be as much evidence as would be essential to maintain an action based on fraud.  (Westside v. Meeham, 25 N. Y. S., 766.)  Statements made by a purchaser as to his solvency in April cannot be legally regarded as an assertion of his financial standing in October following.  (Hotchkiss v. Bank, 11 N. Y. S., 220.)  Fraud will not be presumed.  (Zucher v. Carpele, 50 N. W., 389.)  The false statement must be intended to influence plaintiff's action, and made with intent to deceive, and must be relied on.  (Bliss v. Sickels, 21 N. Y. S., 274; Johnson v. Bent, 9 S., 581.)

GROESBECK, CHIEF JUSTICE.

The plaintiff in error, as plaintiff below, obtained an order of attachment against the defendant in error, alleging certain statutory grounds therefor in the affidavit for attachment.

Subsequently a motion was made to discharge and dissolve the attachment, and upon a hearing before the judge of the district court in vacation the motion was sustained and the attachment discharged as to all of the property attached. The bill of exceptions states that the ruling of the judge was excepted to by the plaintiff in error at the time it was made, but there is no such statement in the order discharging the attachment, or elsewhere in the record.  Nowhere does it appear, either in a journal entry or in the bill of exceptions, that time was asked or allowed within which to reduce the exceptions to writing or to prepare and present the bill of exceptions, or that the bill was allowed within the time given by the court or judge for such purpose.  The bill was allowed apparently at the term of court following the dissolution of the attachment, but the order of allowance which appears in the bill of exceptions does not state that it was allowed within a time fixed by the court.  This, we think, is fatal to the bill. The record must show the order giving the time beyond the term, or if not made in term time, within the time fixed by the judge in vacation in which to present the bill, and the order must appear by an entry of record.  A recital in the bill that time was given is not sufficient.  If the bill be presented

33

to the court or judge for allowance within the time prescribed by the order, the party does not lose his right to have the bill signed and filed, but the bill must show on its face that it was presented within the time allowed. Elliott's App. Proc., sec. 801-2. Our statutes provide that the party excepting to the decision must except at the time it is made, and that time may be given to reduce the exception to writing, but not beyond the first day of the next term. When the grounds of objection do not sufficiently appear in the entry, or if the finding excepted to is asserted to be against the law or the evidence, the party excepting must reduce his exception to writing and present it to the court or to the judge thereof, in vacation, within the time given for allowance. Rev. Stat., secs. 2646 and 2649, as amended by ch. 38, sec. 1, Sess. Laws 1890. These statutory provisions are plain and require no construction. The party excepting must do so at the time the decision is made and ask time in which to reduce his exceptions to writing and present them for allowance to the court or judge in vacation, and this time can not extend beyond the first day of the next term of court. The common law rule required that the bill shall be completed, filed and signed during the term, but this has been modified by statute allowing time including the first day of the next ensuing term of court. There is no warrant under the statute for allowing the bill unless time is obtained therefor by order of the court or its judge in vacation. The decisions of this court have been uniform on this point, where the ground is that the judgment or order is not sustained by sufficient evidence, as is the contention in the case at bar. Roy v. Union Mercantile Company, 3 Wyo., 417; Howard v. Bowman, 3 Wyo., 311. The allowance of the bill does not appear to have been contested, and nothing is said in regard to this matter in the briefs upon which the cause was submitted, but we can not disregard such a lack of compliance with the necessary forms of our practice and the provisions of our statute.

It is urged that the evidence upon the hearing before the judge upon the motion to dissolve the attachment was sufficient to sustain the attachment and that the judge erred in

discharging the attachment, and this is the only question, a question of fact, that would be presented by the bill. As the record nowhere discloses that time was asked or allowed within which to prepare and present the bill, we have nothing before us to decide, and the proceedings in error must be dismissed.

2. But we have examined the testimony taken upon the hearing of the motion to dissolve the attachment, both oral and in the form of affidavits, and we are unable to say that the decision of the court was incorrect. A court of error, before reversing the decision of an inferior court upon a question of fact involved in a motion to discharge an attachment, should be satisfied that such decision was clearly erroneous. Harrison v. King, 9 O. S., 388. The second ground of attachment is based upon the pending disposition of the property of the debtor by it with intent to defraud its creditors. The only testimony that can be claimed as tending to show this is an offer to mortgage the property to plaintiff in error, including in the mortgage the claim of another creditor, not yet due, which it was stipulated should be paid after the debt due the plaintiff in error was discharged. This showing is not a fraud of the rights of other creditors, and is more favorable to the defendant in error than to the complaining party. The first and remaining ground of attachment that the defendant fraudulently contracted the debt, is based on certain statements alleged to have been made to the commercial traveler of the plaintiff in error at the time the first bill of goods was sold to defendant in error, that the corporation had a capital stock of $5,000.00, fully paid up, and owed practically no debts, or that there were no debts of importance. The evidence on this point was conflicting, as the statements of the commercial traveler were denied by three witnesses for the defendant in error, more or less, directly and positively by the member of the corporation, employed as its book-keeper, who was the one who ordered the goods. The fact appears that the leading incorporators, Lilly and Culver, of the Casper Drug Company, the defendant in error, took each 77 shares of the capital stock of the corporation in payment of the

stock of drugs and fixtures theretofore owned by them, and twenty shares each to be devoted to the purpose of paying their antecedent indebtedness, it being the intention of the incorporators to merge the business of Lilly and Cooper into that of the Casper Drug Company. The remaining shares, 6 in number, were distributed among an attorney, for his legal advice, a practicing physician, for his advice and patronage, and to a former employe in payment of his services. The shares of stock were 200 in number, and each was of the face value of $25.00. There does not appear any design on the part of any one in this transaction to defraud any of the creditors of the corporation or of the stockholders. About a week after the incorporation, Lilly, the vice president and manager of the corporation, made a statement to the commercial agency of R. G. Dun & Co., stating that the authorized capital stock of the corporation was $5,000.00, that it had been subscribed and paid in, that the corporation had cash on hand $500.00, stock of goods and goods in transit to the amount of $4,500.00, and fixtures amounting to $500.00, and that the liabilities were accounts payable to the amount of $100.00. This statement does not correctly represent the financial condition of the corporation at the time it was made. $3,850.00 of the capital stock represented the stock of goods put into the corporation by Lilly and Culver, which was worth between $2,800.00 and $3,500.00, according to their testimony, and $1,000.00 of the stock was not paid in, but was taken by Lilly and Culver and was to be applied in payment of their debts in business, over $800.00, and really represented either unpaid capital stock or stock issued for payment of the stock of goods sold by them to the corporation. The indebtedness upon the goods in transit must have been largely in excess of $100.00, as certified in the statement, and the whole statement sent to the commercial agency appears to be false and misleading. It was not communicated to the plaintiff in error until some time after the first bill of goods, ordered from the commercial traveler of the plaintiff in error, was shipped, although the testimony is somewhat obscure on this point. The most favorable view of the case that can be taken

for plaintiff in error is that the first bill of goods was sold and delivered upon the faith of the statements made to the commercial traveler, which must be held not to be false under the evidence, or not proven according to the evidence, and that the second bill was shipped upon the belief that the misleading and deceptive statement made through the commercial agency was true. The debt, if fraudulently contracted, was not the whole debt, but about half of the whole account, and the amount of the second bill of goods. This is insufficient to sustain the attachment. The ground of the attachment is that the whole debt was fraudulently contracted, while the evidence shows that but part of it can be said to be so contracted, assuming that the statements made to the commercial agency and communicated to the creditor and upon which he acted as to subsequent transactions, were fraudulent. The framers of the statute undoubtedly recognized that attachment is a harsh remedy, and one which, though proper when the statutory grounds clearly exist, should be confined within the limits of the statute. There must be an affidavit showing the nature of the plaintiff's claim, that it is just and the amount which the affiant believes the plaintiff ought to recover, and the existence of some of the grounds of attachment enumerated. It is said that under such a statute that these provisions indicate clearly the purpose of the legislature to secure the people against unauthorized and excessive attachments; and that these provisions would afford no protection if a party holding a small claim, upon which an attachment might lawfully issue, may attach it to another claim upon which, under the law, no attachment could issue, and obtain an attachment for the consolidated and increased amount. That the attachment should be confined to the cause of action upon which an attachment might properly issue, and the increase of the plaintiff's proper claim by adding an amount which, if standing alone, would not be a claim for which the attachment could lawfully issue, would vitiate the whole, was held by the court to be so plain and manifest as to render authorities to that effect of secondary importance. Mayer v. Zingre, 18 Neb., 458.

So, in a like case, where two promissory notes of the plaintiff's claim were not fraudulently contracted, it was held that the plaintiff had no right to have his writ for the amounts that were not, nor to have a lien upon the property of the defendant therefor. By including with the claim fraudulently contracted others that were not, if the defendant sought to release his property from the attachment by executing a bond in discharge of the attachment, the officer holding the property seized in attachment could demand a bond in double the amount specified in the affidavit, though but a portion of the debt was fraudulently contracted, and thus the defendant would be forced to give a bond for the entire amount sworn to be due, to secure the immediate restoration of his property. One could attach to his claim any number of assigned claims and obtain a lien for the whole sum upon the debtor's property if the contrary rule should be enforced. The court well said that the remedy being a harsh and extraordinary one, proper when coming within the plain provisions of the statute, the statute should not be extended by construction. It further remarks that "we are cited to no case by counsel which upholds the doctrine for which they contend, and we are satisfied upon principle that none can be found." Estlow v. Hanna, 75 Mich., 219. The following cases are cited: Union Consolidated Mining Company v. Raht, 9 Hun., 208; Wilson v. Harvey, 52 How. Pr., 126, and Mayer v. Zingre, supra.

The same rule was enforced in Stiff v. Fisher, 85 Tex., 556, and in Stiff v. Fisher, 2 Tex. Civ. App., 346. For the reason that the debt can not be said to be fraudulently contracted as a whole, and because this court can not disturb the findings below upon the conflicting evidence as to the first item of the debt, particularly where the preponderance of the evidence shows that such portion of the debt was not fraudulently contracted, the order discharging the attachment would have been affirmed if the bill of exceptions was a proper one and time had been asked within which to prepare and present it to the court or judge for allowance.

3. An objection is made that no proceedings in error could have been instituted in the case, as the order discharg-

ing the attachment was not a final order and is not appealable under our code. Under code provisions similar to ours, the courts of last resort in other States have held that the order dissolving or sustaining an attachment is a final order affecting the substantial rights of the parties, and may be reviewed without bringing up the whole case after final judgment, and this is undoubtedly the correct rule, even though there is no direct statutory provision in our code authorizing an appeal in such cases, except as to final orders generally. Watson v. Sullivan, 5 O. S., 42; Harrison v. King, 9 id., 388; Adams Co. Bank v. Morgan, 26 Neb., 148.

4. It is contended that the affidavit for attachment is not sufficient, as it states that the debt was fraudulently contracted without showing in detail the facts relating thereto. But we think that the great weight of authority is in favor of sustaining the attachment where the grounds therefor are stated in the language of the statute or in equivalent terms. Hockspringer v. Ballenberg, 16 Ohio, 304; Emmitt v. Yeigh, 12 O. S., 335; Coston v. Paige, 9 id., 397; Harrison v. King, 9 id., 388; Creasser v. Young, 31 O. S., 57; Tallon v. Ellison, 3 Neb., 63.

The ground of the statute is expressed in positive terms, and the criticism of Mr. Justice Saufley, in First National Bank v. Swan, 3 Wyo., 372, does not apply, as in that case the applicant for attachment stated, under the permission of our statute, that he had good reason to believe and did believe, that the ground of attachment existed, while in the case before us the ground of attachment is stated positively and not upon belief.

Owing to the defect in the bill of exceptions, and in the absence of any showing in the record that time was asked and allowed in which to reduce the exceptions to writing for allowance, the proceedings in error are dismissed.

*Dismissed.*

CONAWAY and POTTER, J J., concur.

ON MOTION FOR REHEARING.

*Per Curiam.*

The proceedings in error in this case were dismissed for the reasons stated in the opinion. Plaintiff in error now moves for rehearing; the only grounds therefor going to such dismissal; and counsel urges that the proceedings should not have been dismissed upon the grounds so stated.

Notwithstanding that the court concluded that the omissions in the record required a dismissal, the testimony and facts in the case were examined and commented on in the former opinion, and we then announced that we were unable to say that the decision of the district court was incorrect, and that had the bill of exceptions been a proper one, the order appealed from would have been affirmed. It is therefore manifestly unnecessary to review our action in respect to the matters now complained of. *Motion for rehearing denied.*