## SCHLESSINGER v. COOK.

BILL OF EXCEPTIONS — ORDER IN CHAMBERS GRANTING TIME TO REDUCE TO WRITING EXCEPTIONS TAKEN IN TERM TIME.

1. An order can not be made by a judge, in chambers, granting time to reduce to writing exceptions taken at a trial, or during proceedings occurring in court, in term time and while the court is in actual session.

[Decided November 4, 1899.]

ERROR to District Court, Weston County, HON. JOSEPH L. STOTTS, Judge.

Motion to strike bill of exceptions from the record.

*M. B. Camplin*, and. *N. K. Griggs*, for the motion, contended that the bill of exceptions was improperly allowed, and cited Roy v. U. M. Co., 3 Wyo. 417; Honard v. Bowman, id., 311; Smith Drug Co. v. Casper Drug Co., 5 id., 510.

POTTER, CHIEF JUSTICE.

A motion is made on behalf of defendant in error, to strike the bill of exceptions from the record of this cause.

It seems that the cause had been tried at a special term of the district court for Weston County, held in June, 1897, but judgment was withheld. This much is shown by the bill. The bill also discloses, as well as the record outside the bill, that at the regular March term, 1898, viz., on March 16, 1898, the cause was reopened for the admission of further evidence, on application of the plaintiff; that further evidence was then introduced, and a final judgment rendered in favor of the defendant (defendant in error here); that on the same day a motion for new trial was filed and overruled, and an exception taken to the order overruling the motion.

The certificate signed by the judge, appended to the bill of exceptions, recites that "on the first day of the regular term of the district court of Weston County, State of Wyoming, being the 19th day of September, A. D. 1898, I have examined the above and foregoing bill of exceptions," etc.; and on that date the bill was allowed. This is the only guide given in the certificate, bill, or record as to the time when the bill was presented. It may be assumed, and the fact probably is, that it was presented on the day named in the certificate, as the date of examination and allowance, which was the first day of the next regular term succeeding the term when the cause was finally submitted, judgment rendered, and motion for new trial overruled. There is nothing whatever to indicate that the bill was presented at an earlier date.

It is insisted by counsel for defendant in error that time was not asked, within apt time, to reduce the exceptions taken by the plaintiff to writing and present them for allowance, and that no valid order was made granting time beyond the term for that purpose.

The only showing, either in the bill or in the record elsewhere, that time was granted, is an order which appears in the record proper and is over the signature of the trial judge; and which, it is stated in the record, was

"*made in chambers.*" That order, after giving the title of the cause, reads as follows:

"On the application of the plaintiff by his counsel, R. H. Vosburgh, it is ordered and considered by the court that the plaintiff for the purpose of staying execution, as provided by Section 2649 of the Revised Statutes, enter into an undertaking in the sum of $1,000 to be approved by the clerk of this court, and that plaintiff have until the first day of the next term in which to prepare his bill of exceptions and present the same to the court or judge thereof for its approval."

The date of this chambers order is not given, nor is there anything either in the bill, or record proper, which furnishes any indication of the time when it was made. In the brief of counsel for the motion to dismiss, it is intimated that the term at which the judgment was rendered had finally adjourned before the order was secured. This statement is left uncontroverted by opposing counsel, they not having filed a brief or made any argument against the motion.

But we are not inclined to rest our decision upon a presumption that the order was made after the period during which the term was held, nor to determine whether such presumption would be warranted or permissible by the condition of this record. All the exceptions embodied in the bill were taken at a trial or during proceedings occurring in the court, in term time, and while the court was in actual session. Upon such a state of facts had the judge in chambers authority to make an effectual order granting time beyond the term, to reduce the exceptions to writing so as to validate a bill made up and presented after the term?

When a bill of exceptions is necessary to preserve an exception for review, or to incorporate it into the record, it must be reduced to writing, and presented to the court or judge "*within the time given for allowance.*" (Rev. Stat. 1887, Sec. 2649, as amended by ch. 38 L. 1890, Sec. 1.) Section 2646, Revised Statutes of 1887, provides as follows:

"The party objecting to the decision must except at the time the decision is made; and time may be given to reduce the exception to writing, but not beyond the first day of the next succeeding term."

This court has heretofore held that the record must show the order giving time beyond the term, or if not made in term time, within the time fixed by the judge in vacation; and that the order must appear by an entry of record, a recital in the bill that time was given being held insufficient. Smith Drug Co. v. Casper Drug Co., 5 Wyo., 510. And that an order extending time must be duly entered and appear by the record proper, is the general holding of the courts. 3 Ency. Pl. & Pr., 475, and cases cited. Hancher v. Stephenson, 147 Ind., 498. By the statement found in the opinion in Smith Drug Co. v. Casper Drug Co., supra, to the effect that, if not made in term time, the record must show that the order was made by the judge in vacation, it was not intended that a judge in vacation could, by an order, grant time to reduce to writing, exceptions taken in term time.

The judgment upon which error was predicated in that case, was rendered by the judge in vacation, in dissolving an attachment, and what was said with respect to an order granting time made by a judge had reference only to exceptions taken in a proceeding before him in vacation.

Originally at common law, the rule was that each exception should be reduced to writing when taken; and tendered, settled, and signed by the trial judge on the trial. But to meet the convenience of bench and bar, the practice obtained without statute, of allowing the bill to be reduced to form after the trial, although in such cases it was required that the bill be signed, nunc pro tunc, so as to appear to have been taken and signed during the trial; and it was held to be fatally defective if it appeared otherwise. And, in such cases, also, that leave was granted to reduce to form after the trial, was usually implied from the signature to the bill. It was, however, generally required under that practice, that the bill be

made up and presented during the term. Walton v. U. S., 9 Wheat., 651; Law v. Merrills, 6 Wend., 268; Hake v. Struble, 121 Ill., 321; 3 Ency. Pl. and Pr., 462–465; Mc Bride v. U. P. Ry. Co., 3 Wyo., 183.

In Ex parte Bradstreet v. Thomas, Chief Justice Marshall said: "The law requires that a bill of exceptions should be tendered at the trial. But the usual practice is to request the judge to note down in writing the exceptions, and afterward, during the session of the court, to hand him the bill of exceptions, and submit it to his correction from his notes." * * * "A practice, to sign it after the term, must be understood to be a matter of consent between the parties, unless the judge has made an express order *in the term,* allowing such a period to prepare it." 4 Peters, 102.

As already shown, it is expressly provided by our statute, that time may be given, ánd beyond the term; and it is also now provided by statute, as it was formerly held by the Territorial supreme court, upon the construction of a former statute, that within the time granted, a bill may be presented to the judge in vacation.

If, in fact, the order under consideration was made after the term was closed, we think it entirely clear that it was void. When the term ended, the court lost its plenary power over the judgments and records of that term; and they could be changed only in the manner and by the methods provided by law. This is the rule at common law, and is quite generally followed in this country. 1 Brown on Jurisdiction, Sec. 306; O'Keefe v. Foster, 5 Wyo., 343, 352; Hake v. Struble, 121 Ill., 329.

Our statute authorizes proceedings after the term, in certain cases, for the vacation or modification of judgments. And, under the statute, regulating bills of exceptions, the court may by an order granting time beyond the term, retain control of the record of a cause after the close of the term, for the purpose of incorporating therein matters which would not constitute a part of the record

unless embraced in a bill. In the absence of a statute providing otherwise, it is clearly essential, to the retention of such control, that the order be made before the court has parted with it. Hence it must be made during the term. It requires no argument to show that if the court itself is without power, after the final adjournment of the term, to grant time where none has previously been allowed, the judge in chambers is equally without power to do so.

But, let us consider the order as having been made during the period covered by the term, although at a time when the court, as such, was not in actual session; and let us discuss the question from that standpoint.

The making an order granting time to prepare a bill of exceptions and present it for allowance is a judicial act. (Hake v. Struble, supra; Winter v. People (Colo.), 51 Pac., 1006.)

It is a general rule that all judicial business must be transacted in court, unless the statute expressly provides otherwise; and the doctrine is well settled that a judge out of court has no authority to perform strictly judicial business, or to make decisions or orders which, for their validity, depend upon the judicial power of the court, unless expressly authorized by statute to do so.

To be effectual, therefore, the order granting time must be an order of court, and it must be made at the term in which the exceptions were taken, unless there are statutory regulations to the contrary. Have we any such statutory regulations?

In various matters of a judicial nature, ordinarily within the jurisdiction of the court, the same authority possessed by the district courts has, from time to time, been conferred, by statute, upon the judges of those courts, which they are empowered to exercise in vacation or out of term. There is no provision of statute specifically designating an order granting time to reduce to writing exceptions taken in term, as one of the matters within the power of a judge in chambers. We have, however,

two acts of the Legislature bearing particularly upon the authority of a judge out of term; and if provision has been made authorizing such an order, as we are considering, it must be found in one or the other of those acts.

In 1890, an act was passed providing that, "All motions, demurrers, applications, and other matters not involving a trial upon the issue of facts," may be heard and determined by the judge in vacation, as well as by the court in term time. (L. 1890, Ch. 70.) It is evident that under that statute, an order made by a judge in chambers or when not sitting as a court, would not amount to or be constituted an order of the court as such, and, certainly, not an order made in term.

The other statute above referred to was enacted in 1895. (L. 1895, Ch. 21). It provides as follows: "In addition to the terms of the several district courts of this State, as fixed and provided by law, each district court shall be open at all times for the transaction of business in the entry of judgments, decrees, orders of course, and such other orders as have been made or granted by the district court or any judge thereof, and for the hearing and determination of all matters brought before the court or judge, except the trial of issues of fact." It further provides that as to any cause or matter heard by the court or judge, the decision may be made out of term, and that such decision may be made by order or direction that an order, judgment, or decree be entered; and that upon filing the decision in writing signed by the judge, in the clerk's office, whether the decision be an order, judgment, or decree, it shall be entered by the clerk in conformity with such decision. In another section it is provided that, with the consent of the parties, a judge may try issues of law or fact in the vacation or recess of the court, and decide the same either in or out of term; whereupon judgment may be rendered with the same effect as if tried and determined in term time.

It was held in Anderson v. Matthews, 57 Pac., 156 (ante 307), decided at the last term of this court, that an

act of the judge, within the limitations of the statute, is the act of the court; and that when duly entered, the order of the judge is an order entered in open court. For that reason it was held that such an order, if final, was appealable to this court.

But, in that case, the decision did not go to the extent of holding that such an order became an order of one of the terms of court, fixed and provided by law, but the contrary was quite clearly intimated.

The distinction between the court as such and the judge thereof, which, as was said in Anderson v. Matthews, has been clearly marked in our constitution and statutes, is retained and recognized in the statute of 1895, although in some respects the distinction is rendered practically unimportant.

The statute also recognizes, indeed it makes, a distinction between the court when "open at all times" for the specified purposes, and when open in term; or, in other words, between the terms as fixed and provided by law, and the remainder of the time when the court is declared to be open for the transaction of certain designated kinds of business. Terms of court are not abolished or discarded, but it is provided that the court shall be open "*in addition*" to the terms. Concerning this matter it is said in the case of Anderson v. Matthews: "The Legislature might have provided, no doubt, there being no constitutional prohibition, that the regular terms of the courts should be continuous, and the courts open at all times for all purposes. It has not seen fit to take such action, nor even to make the regular terms continuous for the purposes specified. But, by the act, those courts are declared to be open at all times for the purposes specified 'in addition' to the terms as fixed and provided by law."

The recognition of the distinction above alluded to, further plainly appears from the use of the phrase in one place, "out of term;" in another, "either in or out of term," and by the provision that issues may be tried by

consent, in "vacation or recess;" and by the requirement that a decision made out of term, to be entered must be in writing, signed by the judge, and filed in the office of the clerk.

It is manifest, therefore, that although an order of the district judge made out of term may become a court order, by being duly entered, it is not to be regarded as an order of court made in a term as fixed and provided by law. As to the order in this case, it does not appear that it was entered, but, assuming it to have been, it is not an order entitled to be entered as an order of the term at which the exceptions were taken. And, as no valid term order was made, granting time beyond the term for the preparation of the bill, it follows that no authority existed for its presentation after the term was closed.

No doubt, it is within the province of the Legislature to confer authority upon the judge out of term to make such an order granting time, as it is to provide that time may be taken until the next term without an order, but it has not done so.

Although, prior to the enactment of the statute of 1895, the judge, out of court, was empowered to act and decide in various matters not involving the trial of an issue of fact, his orders were nothing more, we think, than chambers orders.

The extent to which that statute goes, as we have endeavored to show, is only to change the character of the order, when properly entered, from its former standing as a chambers order, to an order of court, but it does not incorporate such an order into the records of a regular or special term. Hence an authority for such an order by the judge is not to be found in the act of 1895.

This is particularly true of a case, like the one at bar, where the exceptions were taken during the progress of the trial of issues of fact, which could not be had before the judge out of term, except by consent of the parties, and where, as in this case, there was no such consent. It would seem that where the judge is without authority to

try the cause or matter in which the exceptions arose, he would, from that fact, be without authority to make a necessary order carrying the matter of the record of the exceptions over the term, unless the statute has expressly or clearly conferred the power upon him.

As already stated, the Legislature may, doubtless, authorize such an order by a judge in chambers, or out of term, when the cause has been tried in term.

And we think that in respect to exceptions taken before a judge out of term in a cause tried by him, or in proceedings before him, pursuant to statutory authority, the judge may grant time not beyond the first day of the next term, for reducing the exceptions to writing; and when a cause has been tried in court in term, and the decision and judgment is rendered out of term, at least as to any exceptions taken at the time of the decision, time may be granted by the judge to reduce them to writing.    Whether exceptions taken at the term would be carried over, by the continuance of the cause, until a decision or judgment is rendered, so that an effectual order could then be made granting time as to such exceptions, is a question upon which an expression of opinion is not required at this time.

Our opinion is, therefore, that as to exceptions taken at a trial, or during proceedings occurring in court in term time, and while the court is in actual session, an order granting time beyond the term to reduce them to writing and present them for allowance, can not be made by the judge in chambers.    As the order in this case was so made it is void; and the motion to strike the bill of exceptions must, for that reason, be sustained.

Corn J., and Knight J., concur.