## CANTLIN & CO. v. MILLER & CHAPMAN.

BILL OF EXCEPTIONS—PRESENTATION AFTER TERM WITHOUT LEAVE GRANTED—IMPROPER ALLOWANCE—APPEAL AND ERROR—DISMISSAL.

1. Where time beyond the term was neither requested nor granted to reduce exceptions to writing, the allowance of a bill presented after the term is improper; and, the record not showing that time was requested or granted, the bill so allowed will be stricken from the record, on motion.

2. Where there is no proper bill of exceptions, and the record presents nothing for review in the absence of a proper bill, the proceeding in error will be dismissed, on motion.

[Decided October 15, 1904.]                (78 Pac., 295.)

ERROR to the District Court, Carbon County, HON. DAVID H. CRAIG, Judge.

On motion to strike the bill of exceptions and to dismiss the proceeding in error.

*McMicken & Blydenburgh,* for defendant in error, for the motion.

The record failing to show that time was allowed, or even requested to reduce exceptions to writing, it does not appear that the bill was presented within the proper time. There being no showing that it was presented in time or properly allowed, it should be stricken from the record. (Elliott on App. Proc., Sec. 801; 2 Cyc., 1041; Lindsey v. Keman, 133 Ala., 532; Mikesell v. Elec. Co. (Ind.), 65 N. E., 11; Lee v. Board, 3 Wyo., 52; Roy v. Un. Merc. Co., id., 417; Smith Drug Co. v. Casper Drug Co., 5 id., 570; Schlessinger v. Cook, 8 id., 484.) Any bill of exceptions filed after the term must be stricken from the record and the cause dismissed where the errors complained of can only be shown by a bill of exceptions; and the judge of the trial court has no power after the term to grant time or to sign a bill, unless before the expiration of the term an order has been made of record granting time beyond the term, and not beyond the first day of the next term, within which to prepare and have signed and filed a proper bill.

*Fred D. Hammond,* for plaintiff in error, *contra.*

The Ohio decisions under a statute similar to ours are not in line with the authorities cited by counsel for defendant in error. (Whittaker's Ann. Code, 536; 10 O. C. C., 502; 46 W. L. Bull., 255.)

*McMicken & Blydenburgh,* for defendant in error, in reply, argued that the Ohio statute is very different from the statute of this state in respect to the time for filing bills of exception, and that the Ohio decisions, therefore, have no application whatever to the point raised in the case at bar. In Ohio, by statute, a party has a certain number of days after the term within which to present his bill; while in this state no such right is given without a previous order of the court granted during the term.

PER CURIAM.

This cause was submitted on a motion to strike the bill of exceptions and dismiss the proceeding in error. It is conceded that the bill of exceptions was presented for al-

lowance after the term at which the exceptions were taken, and that the record will not show that time was requested". or granted beyond the term to reduce the exceptions to writing. Under such circumstances, the bill was improperly allowed. (Roy v. Union Merc. Co., 3 Wyo., 417; Casper Drug Co. v. C. D. Smith Drug Co., 5 Wyo., 510.) It is also conceded that in the absence of a proper bill of exceptions there is nothing for this court to review. The motion to strike and dismiss will, therefore, be granted. The cause will be dismissed.