# INTERNATONAL HARVESTER CO. v. JACKSON LUMBER CO., ET AL.

(No. 872; Decided January 21st, 1918; 170 Pac. 6.)

Statutes—Construction — Absence of Ambiguity — Exceptions— Bill of Exceptions—Reduction of Exceptions to Writing—Presentation of Exceptions to Court—Appeal and Error—Writ of Error—Record—Judicial Act—Order Granting Time to Prepare Bill of Exceptions.

1. If the language implied in an act is plain and unambiguous, there is no room for construction even in the absence of the statute fixing rule of construction.

2. An exception must be reduced to writing at the time, unless further time is asked and granted within which to reduce the exception to writing. (Compiled Statutes, 1910, Section 4595.) A party excepting has not an indefinite time as until the adjournment of the court, for the term, within which to present an exception to the court, but it must be presented within the time given for allowance. (Compiled Statutes, 1910, Section 4598.)

3. The statute, Section 4595, Compiled Statutes, 1910, was intended to remedy the inconvenience and delay in the trial required by the common law rule requiring exceptions to be reduced to writing when taken and allowed. But the statute requires that the bill must be presented to the court or judge within the time given for allowance.

4. It is incumbent upon the Supreme Court to construe the statute and laws of the state, according to what it is convinced was the true intent of the lawmakers.

5. The making of an order granting time to prepare a bill of exceptions and present it for allowance is a judicial act and like any other judicial order must appear by the record brought to the Supreme Court.

6. The bill of exceptions is not required to be filed with the petition in error, and may be allowed to be filed thereafter if within the time prescribed by the rules for filing briefs, and if otherwise authenticated in time.

7. A bill of exceptions which does not purport to have been presented for allowance until months after the trial was ended by the denial of the motion for a new trial is not properly a part of the record in the case.

Error to District Court, Sweetwater County; Hon. John R. Arnold, Judge.

Action by the International Harvester Company of America against the Jackson Lumber Company, a co-partnership, and others. From a judgment for defendants, plaintiff brings error, and defendants move to strike the bill of exceptions from the record and to dismiss the proceedings.

*Walter B. Dunton* and *D. A. Reavill,* for the motion.

No order was made granting plaintiff time to prepare and present the bill of exceptions, nor even a request by a plaintiff for time to do so. The bill must be stricken. (Smith Co. v. Drug Co., 5 Wyo. 510.) The only exception to the rule is a decision made in chambers out of the county in which the action is pending. (Sections 4464, 4444, 4466, Comp. Stats. 1910.) The rule also was recognized in Cantlin v. Miller & Chapman, 13 Wyo. 109; Syndicate Co. v. Bradley, 6 Wyo. 177; Schlessinger v. Cook, 8 Wyo. 487. Without the evidence before this court, the record presents no evidence that can be reviewed.

*D. A. Reavill,* by supplemental brief for defendants.

Since the filing of defendants' brief, plaintiff in error has filed an affidavit, the evident purpose being to claim, that the court stood in recess and that no order allowing time for the presentation of a bill of exceptions was necessary; but the court adjourned without continuing until some definite date, therefore the term was ended. The trial term ended April 1st, 1916. (Lookabaugh v. O'Keene, 106 Pac. 844; Baker v. Newton, 112 Pac. 1034; Irwin v. Irwin, 37 Pac. 551.) Time for preparing and presenting exceptions to writing could not be beyond the first day of the next succeeding term. (Section 4595, Comp. Stats. 1910.) Under the common law the practice required the exception to be presented immediately to the judge for his signature; the statutes do away with the practice and permit the fixing of the time for preparation and presentation of the bill.

Beard, Justice.

This case is before the court at this time upon the motion of defendant in error to strike the bill of exceptions from

the record, and to dismiss the proceedings in error upon the grounds that the bill of exceptions was not presented for allowance within the time allowed by law; and was not so presented until after the filing of the petition in error.

The motion for a new trial was denied March 31, 1916, to which decision of the District Court in denying said motion the plaintiff at the time duly objected and excepted; but it does not appear either in the bill, or the certificate of the judge allowing the same, that time was asked or given within which to reduce the exceptions to writing and present the same for allowance. The bill was allowed July 10, 1916. The petition in error was filed April 4, 1916.

The contention of counsel for plaintiff in error is that as the bill was allowed during the term at which the motion for a new trial was denied, it was within time, and no order of the court giving time to reduce the exceptions to writing and to present the same to the court or judge for allowance · was necessary.

The question must be determined by the proper construction to be placed upon the statutes in force at that time, and which must control. Those statutory provisions read as follows: (Section 4595, Comp. Stat. 1910.) "The party objecting to the decision must except at the time the decision is made; and time may be given to reduce the exception to writing, but not beyond the first day of the next succeeding term."

(Section 4598, id.) "When the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, or the exception is to the opinion of the court on a motion to direct a non-suit, to arrest the testimony from the jury, or for a new trial for misdirection by the court to the jury, or because the verdict, or if a jury was waived, the finding of the court, is against the law or the evidence, the party excepting must reduce his exception to writing and present it to the court, or to the judge thereof in vacation, within the time given for allowance. If true, it shall be the duty of the court, if presented in open court, or the judge of the court before whom the cause was tried,

if presented in vacation, to allow and sign it, whereupon it
shall be filed with the pleadings as a part of the record, but
not spread at large upon the journal. If the writing is not
true the court or judge in vacation shall correct it, or sug-
gest the correction to be made, and it shall then be signed as
aforesaid.".

The Legislature has prescribed rules of construction of
statutes. (Section 3617, Comp. Stat. 1910.) "The con-
struction of all statutes of this state shall be by the follow-
ing rules, unless such construction shall be plainly repug-
nant to the intent of the Legislature: 1. Words and phrases
shall be taken in their plain or ordinary and usual sense,
but technical words and phrases having a peculiar and ap-
propriate meaning in law shall be understood according to
their technical import." The rule was considered in Ras-
mussen v. Baker, 7 Wyo. 117, 128, 50 Pac. 819, 821, 38 L.
R. A. 773, where it was said: "If the language employed
is plain and unambiguous there is no room for construction."
(Citing and reviewing authorities.) Such also is the rule in
the absence of a statute on the subject, and has been so re-
peatedly stated by the courts and text-writers that the cita-
tion of authorities would seem to be superfluous. It is
clearly and concisely stated in Lake County v. Rollins, 130
U. S. 662, 670, 9 Sup. Ct. 651, 652, 32 L. Ed. 1060: "To
get at the thought or meaning expressed in a statute, a con-
tract or constitution, the first resort, in all cases, is to the
natural signification of the words, in the order of grammat-
ical arrangement in which the framers of the instrument
have placed them. If the words convey a definite meaning
which involves no absurdity, nor any contradiction of other
parts of the instrument, then that meaning, apparent on the
face of the instrument, must be accepted, and neither the
courts nor the Legislature have any right to add to it or take
from it. (Newell v. People, 7 N. Y. 9, 97; Hills v. Chicago,
60 Ill. 86; Denn v. Reid, 10 Pet. 524, 9 L. Ed. 519; Leo-
nard v. Wiseman, 31 Md. 201, 204; People v. Potter, 47 N.
Y. 375; Cooley, Const. Lim. 57; Story on Const., Sec. 400;
Beardstown v. Virginia, 76 Ill. 34.) So, also, where a law

is expressed in plain and unambiguous terms, whether those terms are general or limited, the Legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction. (United States v. Fisher, 2 Cranch, 358, 399, 2 L. Ed. 304; Doggett v. Florida Railroad, 99 U. S. 72, 25 L. Ed. 301.)" Applying that rule to the language of the sections of our statute under consideration, we see but little room for controversy as to the proper construction to be placed thereon. The words in Section 4595, "and time may be given to reduce the exception to writing," implies that the exception must be reduced to writing at the time, unless further time is asked and granted. And the time within which it must be presented to the court or judge is governed by Section 4598, which is, "within the time given for allowance," which is opposed to the idea that the party excepting has an indefinite time—until the adjournment of the court for the term—as a matter of right within which to do so. At common law a writ of error might be had either for an error apparent on the record, or for an error of fact, but not for an error of law not appearing on the record. The statute, 13 Edw. I, Ch. XXXI, gave the bill of exceptions to any one that is impleaded before any of the justices, and who doth allege an exception, praying that the justices will allow it. Under that statute the exception was required to be reduced to writing when taken and allowed; and if not stated in writing and tendered at the trial it was waived. (Wheeler v. Winn, 53 Pa. St. 122, 91 Am. Dec. 186.) To remedy the inconvenience and delay in the trial in doing so, statutes in the several states in this country have been enacted. Prior to 1890 our statute did not specifically provide within what time the bill should be presented for allowance, except as the same may be inferred from the language of Section 4595, that "time may be given to reduce the exception to writing." The exception was required to be taken at the time, and time might be given to reduce it to writing as now; but by the act of March 8, 1890, the law was amended and provided that the bill must be presented to the court or

judge "within the time given for allowance." (S. L. 1890, Ch. 37.) The amendment was evidently made for the purpose of requiring the bill to be presented within the time given by the court for reducing the exception to writing, and to remove any doubt as to the time it should be presented. As disclosed by the records of cases filed in this court, the members of the bar of the state, almost without exception, have construed the statutes to require the bill to be presented at the close of the trial, or that time therefor must be asked and given at that time. The decisions of the courts of other states, which might be persuasive, are of little assistance in construing our statutes on the subject by reason of the various provisions in the statutes of the several states; and in any event it is incumbent on this court to construe the statutes and laws of the state according to what it is convinced is the true intent of the lawmakers. We think the words of the statutes quoted, taken in their plain, ordinary and usual sense, are not ambiguous or contradictory, and mean that if the exceptions are not reduced to writing and tendered at the trial, time must then be asked and given for that purpose.

It is further contended that, although there is nothing in the record here presented showing that time was asked or given within which to reduce the exceptions to writing and present the same for allowance, the fact that the bill was allowed and signed by the judge creates the presumption that time was given and that the bill was presented within such time. But the making of an order granting time to prepare a bill of exceptions and present it for allowance is a judicial act. (Schlessinger v. Cook, 8 Wyo. 484, 489, 58 Pac. 757.) And like any other judicial order must appear by the record brought to this court. (Smith D. Co. v. Casper D. Co., 5 Wyo. 510, 40 Pac. 979, 42 Pac. 213.)

The other ground of the motion, that the bill of exceptions was not allowed until after the commencement of proceedings in error, is not well taken. The bill is not required to be filed with the petition in error, and may be allowed and filed thereafter, if within the time prescribed by the rules

for filing briefs, and if otherwise authenticated in time. (3 Enc. Pl. & Pr. 462.)

In this case it does not appear either by journal entry, recital in the bill or the certificate of the judge that upon the denying of the motion for a new trial, or in fact at any time, time was asked or given to reduce the exceptions to writing and present the same to the court or judge for allowance. The bill filed in this court does not purport to have been presented for allowance until months after the trial was ended by the denial of the motion for a new trial, and, therefore, is not properly a part of the record in the case. The motion to strike the bill of exceptions from the files and records of this court will be granted and the bill will be stricken from the files; and as the only error assigned in the petition in error is the denying of the motion for a new trial, and as no questions are presented which can be considered in the absence of a bill of exceptions, the motion to dismiss the proceedings in error must also be granted and the proceedings in error dismissed, and it is so ordered.

*Bill of exceptions stricken and proceedings in error dismissed.*

POTTER, C. J., and BLYDENBURGH, J., concur.