## BRENNAN v. MIDWEST REFINING COMPANY
### (No. 1125; Decided Dec. 12, 1922; 210 Pac. 939)

STATUTORY CONSTRUCTION—MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW.

1. The intent of the lawmaker is to be found in the language of the statute, and if it be plain there is no room for construction.
2. Workmen's Compensation Law (Comp. St. 1920, § 4334, subd. "b") providing in paragraph (2) that the lump sum allowance of $2,500 provided for in paragraph (3) for permanent total disability shall be increased in case the workman has children under the age of 16 years by adding $100 per year for each year until the child shall be of the age of 16 years, but the total amount of such "increased sum" allowed for children shall not exceed $5,500, authorizes an allowance not to exceed $5,500 for children in addition to the lump sum disability allowance, the "increased sum" including only the aggregate sum allowed for children, and the policy to allow more for children of a disabled than for those of a deceased workman being a question for the legislature.

ERROR to District Court, Natrona County; HON. CYRUS O. BROWN, Judge.

Proceeding under the Workmen's Compensation Law by Edward P. Brennan, claimant, against the Midwest Refining Company, for the recovery of an award. From an order awarding but a part of the amount claimed the claimant brings error.

*D. Worth, E. H. Foster* and *W. L. Walls,* Attorney General, for plaintiff in error.

A correct interpretation of clause (b) subdivision 3 of Section 4334 C. S. authorizes an award of $2500.00 for an injured workman, and an additional sum, not exceeding $5500.00 for dependent children under the age of sixteen years. In the present case claimant was entitled to $8000.00. The statute is so plain in its terms that it is difficult to observe how any question should arise as to its meaning. Workmen's Compensation Acts are remedial in nature and are to be liberally construed, and where occasion requires construction, the courts endeavor to carry out and give effect to the spirit of the law. (Hollard-St. Louis S. Co. v. Shraluka, 116 N. E. 330; Lumbermen's Reciprocal Ass'n. v. Behnken, 226 S. W. 154; Kennerson v. Company, 94 Atl. 372; Young v. Duncan, 106 N. E. 1.) The error of law complained of is apparent upon the face of the record. (Nichols v. Board of Comm., 13 Wyo. 1.)

*John D. Clark, A. K. Barnes* and *John B. Barns, Jr.,* for defendants in error.

The language of the statute bears out the interpretation placed upon it by the trial court. Under the rule of liberal construction accorded the Workmen's Compensation Acts, courts cannot go to the extent of judicial legislation. (In re Martinelli (Mass.) 106 N. E. 557; State v. Cass Co. (Minn.) 151 N. W. 910; De Voe v. New York State R. Co., 155 N. Y. S. 12; In re Sickles, 156 N. Y. S. 854, 865.) The words employed must be given their ordinary meaning. (Tournequist v. Hannan (Mass.) 107 N. E. 443; In re Nichols (Mass.) 104 N. E. 566; Iron Co. v. Industrial Comm. (Wis.) 142 N. W. 271, L. R. A. 1916 A 366.) Where the language is plain it must be given its evident effect. (State v. Cass Co. (Minn.) 151 N. W. 910; Wendt v. Industrial Ins. Comm. (Wash.) 141 Pac. 311; Lumber Co. v. Industrial Comm. (Wis.) 142 N. W. 187, L. R. A. 1916 A 374.) The statute provides a lump sum for the injured workman; if he has children the

sum is increased not exceeding $5500. The statute primarily says that the increased sum shall not exceed in the aggregate a lump sum of $5500.00 in any case. "Aggregate" means a "total or gross amount" (2 C. J. 972.) "In any such case" means cases described in a preceding section or the preceding clause of the same section (Commonwealth v. Burrell, 7 Pa. (7 Barr.) 34.) Separate provisions of the statute must be construed in the light of the statute as a whole. (Sexton v. Newark Tel. Co. 86 N. J.. 451; Kennerson v. Thames Towboar Co. (Conn.) 94 Atl. 372, L. R. A. 1916 A 436.)

KIMBALL, Justice.

The Workmen's Compensation Law, after its amendment in 1919, provided for compensation in cases of permanent total disability by the following language found in clause (b), Sec. 4334, Wyo. C. S. 1920:

"*    *    * When permanent total disability results from the injury, the workman shall receive:

(1)    *    *    *    .

(2)    If the workman had a wife or invalid husband, but no child under the age of sixteen (16) years, a lump sum of $2500.00.

(3)    If the workman have a child or children under the age of sixteen (16) years, for any such child or children, the lump sum provided in the preceding paragraph shall be increased by adding thereto one hundred dollars ($100.00) per year for each year until such child shall be of the age of sixteen (16) years, but the total amount of such increased sum allowed for children under sixteen (16) years shall not exceed in the aggregate a lump sum of five thousand five hundred dollars ($5500.00) in any such case."

The right of plaintiff in error to the maximum compensation so authorized was not questioned. His family included nine children under the age of sixteen years. He claimed $2500 under paragraph (2) and $5500 under paragraph (3), a total of $8000. He was awarded $5500 only, the dis-

trict court interpretating the statute to mean that the total sum paid the injured workman could not exceed $5500, or, in other words, that the total increase for children could not exceed $3000. In support of this view it is argued that the "increased sum," spoken of in paragraph (3), includes the sum of $2500 mentioned in paragraph (2). The plaintiff in error, contending for a different interpretation, which seems warranted by the statutory language, argues that the "increased sum" includes only the aggregate sum "allowed for children." The questioned statute was enacted in 1919 as an amendment of Section 19 of Chapter 124, S. L. 1915, as amended and reenacted by Section 6 of Chapter 69, S. L. 1917. Whatever ambiguity might be conceded to exist in the law of 1919, if it were to be considered as an original enactment, is removed by an examination of the earlier acts where the words which have given rise to this controversy are used in a sense not at all doubtful. The Act of 1915 was the original Workmen's Compensation Law. It provided that in cases of permanent total disability the injured workman should receive:

"(2)   If the workman had a wife or invalid husband, but no child under the age of sixteen (16) years, a lump sum of $1,200.00.

(3)   If the workman had a wife or husband and a child or children under the age of sixteen (16) years of age, or being a widow or widower, for any such child or children the lump sum provided in the preceding paragraph shall be increased by adding thereto a sum equal to Sixty ($60.00) Dollars, per year for each child for each year until each child shall be of the age of sixteen (16) years, but the total amount of such increased sum allowed for children under sixteen (16) years of age shall not exceed in the aggregate a sum equal to one and one-half the sum allowed to the widow or widower in any such case."

Paragraph (3), just quoted, would have expressed the legislative intention more clearly if in the last grammatical clause the words "injured workman" had been substituted

for the words ''widow or widower,'' and that change in phraseology was made by the act of 1917. The intention of the legislatures of 1915 and 1917, that the words ''increased sum'' should mean only the total amount or aggregate sum allowed for children, was clear and unmistakable. The amendment of 1919 made no change that would indicate an intention that those words should thereafter have a different meaning, but only fixed a definite sum as the total amount allowed for children instead of that which theretofore was to be ascertained by calculation.

It is elementary that the intent of the law-maker is to be found in the language that he has used. If the meaning of the language be plain, there is no room for construction. (Rasmussen v. Baker, 7 Wyo. 117, 50 Pac. 819, 38 L. R. A. 773; Bank v. Ludvigsen, 8 Wyo. 230, 56 Pac. 994; Harvester Co. v. Lumber Co., 25 Wyo. 367, 170 Pac. 6.)

We are of opinion that paragraph (3), considered as a part of the act of 1915, with the amendments of 1917 and 1919, is not ambigious, but that it clearly provides in proper cases for an allowance not to exceed $5500 for children, in addition to the allowance under the preceding paragraph. There is no room for construction—no occasion to search for aids of interpretation.

This part of the law is not inconsistent or in conflict with any other part, but a contention of counsel which seems to suggest such an inconsistency deserves some notice. It is said that the act, as amended in 1919, plainly forbade the payment of more than $3000 for children in death cases, and that surely the legislature did not intend to give more compensation for children in case of permanent total disability than in case of the death of the workman. Whether it is sound policy to allow more for children of a disabled than for those of a deceased workman is a question which must be left to the decision of the legislature. The previous legislatures of 1915 and 1917 in the acts already cited, and the subsequent legislature of 1921 (Secs. 5, 7, Ch. 138, S. L. 1921), did make that discrimination, and we cannot presume

in the face of the plain language that the legislature of 1919 did not intend to do the same thing.

For the reasons stated the order of award was erroneous. The case will be remanded to the district court with directions to make and enter such amended, modified or further order as will make the award conform to this opinion.

POTTER, Ch. J., and BLUME, J., concur.