## THE FIRST NATIONAL BANK OF SUNDANCE
### v.
### MOORCROFT RANCH COMPANY.
### SAME v. SAME AND MILLAR.
### SAME v. SAME AND THOMAS.

PRACTICE — ATTACHMENT—VACATION OF DISSOLUTION ORDER—. FINAL ORDER—HARMLESS ERROR—DEBTOR AND CREDITOR.

1. An order of a court, dissolving or sustaining an attachment, is a final order, and may be reviewed on proceedings in error instituted before judgment.

2. Whether such an order made by a judge in vacation is such a final order as to be reviewable before judgment,— quere?

3. On a motion to vacate a former order of a judge dissolving an attachment, an order striking such motion and supporting affidavit from the files, even if not the proper procedure, will not be disturbed if there was not sufficient showing to entitle the moving party to the relief demanded.

4. Upon such a motion, based on the ground of alleged misrepresentation and fraud on the part of the attachment defendant in securing the dissolution of the attachment, a showing that such defendant has confessed certain judgments, and, after the dissolution had executed a mortgage upon its real estate in favor of other creditors, and that one of the representatives of the corporation defendant in the attachment suit had purposely evaded, on the former hearing, answering a question respecting the indebtedness of the company, although such acts are alleged to have been done in order to tie up, incumber and practically dispose of all the property of the company, is not sufficient to require a vacation of the order of dissolution; it not appearing that the judgments or mortgage were without consideration, or that the proceedings were sham, or that the debtor was insolvent.

5. Except where an assignment for benefit of creditors is contemporaneously made or contemplated, there is no rule of law which prevents a debtor from securing any one of his creditors in the payment of an honest debt to the disadvantage of an unsecured creditor.

6.  The fact that the attachment creditor was not included in
the arrangement securing other creditors, is no ground for
disturbing the order dissolving the attachments which it
endeavored to obtain to secure a paramount lien.

[Commenced in District Court December 26, 1891—Decided June 6,
1894.]

ERROR to District Court for Crook County, HON. RICH-
ARD H. SCOTT, Judge.

The First National Bank of Sundance brought three cases
against the Moorcroft Ranch Company, and the same company
and James Millar, and the same company and George B.
Thomas, respectively, to recover money due upon promissory
notes, and secured an attachment upon certain real property.
The attachments were afterwards, upon motion and hearing,
dissolved by the judge of the district court in vacation.   A
motion was subsequently made, supported by affidavit, to va-
cate the order of dissolution.   It was alleged in the affidavit
that the acts of the attachment defendant complained of
therein were unknown to the plaintiff until after the attach-
ment was dissolved.   Said motion and affidavit were stricken
from the files.   The other material facts are stated in the
opinion.

*B. F. Fowler, N. K. Griggs,* and *Potter & Burke,* for
plaintiff in error.

A rehearing is always granted if, in the circumstances of
the opposition, there is anything to excite suspicion of unfair-
ness, or a belief that the moving party was taken by surprise.
Mitchell v. Allen, 12 Wend., 290; Dollfus v. Frosch, 5 Hill,
493 n; Hall v. Emmons, 8 Ab. Pr. N. S., p. 451-4; Butts v.
Burnett, 6 id., 312; Snyder v. White, 6 How. Pr., 521; Bank
v. Am., etc., 4 Sandf., ch. 438; Robinson v. Saterlee, 3 Saw.,
134; Belmont v. R. R. Co., 52 Barb., 637; Hall v. Emmons, 8
Ab. Pr. N. S., 451-4; Smith v. Spalding, 3 Rob., 615; Snyder
v. White, 6 How. Pr., 321; Standard v. Williams, 10 Wend.,
599; Herzig v. Metzger, 62 How. Pr., 355; Arnold v. Oliver,
64 How. Pr., 452; People v. Bergen, 53 N. Y., p. 410; Davies
v. Cottle, 3 Term R., 405; 2 Arch Pr., 2d Ed., 305.

Such re-hearing may be allowed upon the papers originally used, or upon new ones. White v. Munroe, 33 Barb., 650; People v. Mercein, 3 Hill, 399; Arnold v. Oliver, 64 How. Pr., 452; Willet v. Fayerweather, 1 Barb., 72; White v. Munroe, 33 Barb., 650; People v. Mercein, 3 Hill, 399; Townsend v. Wisner, 62 Ia., 672; West Side Bank v. Pugsley, 12 Ab. Pr. N. S., 28; 1 Burr Pr., 348-350; 2 Paine & Duer, 59; Case v. Turner, 2 Wend., 627; Barney v. Keith, 6 id., 555; Hart v. Butterfield, 3 Hill, 455; Case v. Shepherd, 1 John., C. 245; Lindsay v. Sherman, 5 How. Pr., 308; Blake v. Locy, 6 id., 108; Bank v. Spencer, 15 id., 15; Knickerbocker Co. v. Ecclesine, 11 Ab. Pr. N. S., 385; Riggs v. Pursell, 74 N. Y., p. 379; Eaton v. Pickersgill, 75 id., 599; 2 Arch. Pr. K. B., 1 Am. Ed., 278; 1 Tidd Pr., 3 Am. Ed., 511; Cooper v. Jagger, 1 Chit., 445; Wood v. Kirk, id., 246; Pike v. Davis, 6 Mees. & W., 546; Clement v. Weaver, 6 Jurist, 62.

*Lacey & Van Devanter,* for Moorcroft Ranch Company.

After the term has ended all final judgments of the court pass beyond its control unless steps be taken during that term, by motion or otherwise, to set aside, modify or correct them. Bronson v. Schulten, 104 U. S., 410; Allen v. Wilson, 21 Fed., 881; Wood v. Payea, 138 Mass., 61; Shaw v. McGregor, 8 Cal., 521; Anderson v. Anderson, 18 B. Mon., 95; Cox v. Brackett, 41 Ills., 222; Salter v. Hilgen, 40 Wis., 363; Ragsdale v. Green, 36 Tex., 193; Cotten v. McGehee, 54 Miss., 621; Moore v. Hinnant, 90 N. C., 163; Loney v. Bailey, 43 Md., 10; Makepeace v. Lukens, 27 Ind., 435.

The rule as above stated expressly excepts from its operation orders interlocutory in their character and not final. Kelly v. Stanberry, 13 O., 408-421.

A judgment which is entirely void because of want of jurisdiction may be set aside at a subsequent term. Ladd v. Mason, 10 Ore., 308; In re. College Street, 11 R. I., 472.

Under our code an order dissolving an attachment is a final order. Watson v. Sullivan, 5 O. St., 43; Harrison v. King, 9 O. St., 388; Gans v. Thompson et al., 11 O. St., 579; Sutherlin v. The Underwriters' Agency, 53 Ga., 442; Bruce

v. Conyers, 54 Ga., 680; Schlemmer v. Myerstein, 19 How. Pr., 412; Ranscher v. McElhinney, 11 Mo. App., 434.

On a motion to dissolve attachment there is an issue of fact regularly joined upon the affidavit for attachment and the traverse, and which is triable as other issues of fact are triable. 1 Wade on Attachment, Sec. 276-280; Armstrong v. Blodgett, 33 Wis., 284; Hawkins v. Allbright, 70 Ills., 87; Rev. Stat., Secs. 2517, 2518.

No notice will be taken of errors except such as are harmful. The matters set forth in the affidavit were not sufficient to require any action by the court. (Weaver v. France, 3 Wyo., 273; Link v. Ry. Co., 3 Wyo., 679.)

GROESBECK, CHIEF JUSTICE.

It appears from the record that in the three cases above entitled, the First National Bank of Sundance had secured orders of attachment against the defendants, and that the property of the Moorcroft Ranch Company was seized thereunder. Motions were made to dissolve and discharge these attachments as to all of the property attached, which were heard by the judge of the district court in vacation, under the power expressly conferred by the statute. Sec. 2910, Rev. Stat. On this hearing, the attachments were dissolved by the judge in vacation. Thereafter, the plaintiff in error, who was the plaintiff below, moved the court at a succeeding term, upon reasonable notice to the defendants in error given during vacation, to open, set aside and vacate the order of the judge in vacation dissolving the attachments for the reasons stated in each of the motions "that said order of dissolution of said attachment was procured through the fraudulent representations of defendant, Moorcroft Ranch Company, and by misrepresentations by said defendant of the facts touching said attachment and without the court or plaintiff's being correctly advised in regard to said attachment; and through the defendant's purposely misleading the court and plaintiff as to the facts relating to said attachment." An affidavit was filed in support of this motion and made a part thereof, which we shall consider hereafter. The Moorcroft Ranch Company ap-

peared specially and moved the court to strike from its files the said motions of plaintiff in error, mainly upon the ground that the proceeding to vacate the order of the judge in vacation and for a re-hearing on the ground of fraud alleged in the motion should have been by petition, duly verified, setting forth the order sought to be vacated and the grounds therefor, and by summons issued thereon to be served as in the commencement of an action.

This motion to strike from the files the said motion of plaintiff in error was sustained by the court, the preamble to the order stating that the court "had fully considered said motion of plaintiffs and also said motion of defendants to dismiss the same and strike from the files."

No proceeding in error has been instituted to review the order of the judge in vacation dissolving the attachments, and no stay of the order appears to have been allowed. The question presented here, then, is the alleged error of the district court in sustaining the motion to strike from the files the motion of plaintiff in error to vacate the order dissolving the attachments and for a re-hearing and the consequent dismissal of such motion.

The code provides for the modification or vacation of a judgment or order of the district court by that court after the term at which the same was made, and the method of procedure is pointed out. On the ground of fraud practiced by the successful party in obtaining a judgment or order there must be a petition verified by affidavit setting forth the judgment or order, the grounds for vacating or modifying it, and on such a petition, summons must issue as in the commencement of an action. Rev. Stat., Sec. 2701, 2705. This method was not pursued in this proceeding, but the relief is sought by motion supported by affidavit, filed in vacation, notice of which was served in vacation, the hearing of which was fixed in the notice of the motion on the first day of the next succeeding term of the district court. This is claimed to be sufficient by counsel for plaintiff in error, as the order sought to be vacated is not an order of the district court, but that of its judge at chambers, and hence does not fall within

the proceedings regulated by the code, which it is asserted, apply only to the vacation of an order of the district court, and not to the order of its judge.  As has been stated herein, the judge of the district court in vacation may hear and decide a motion to discharge an attachment, as well as the court itself, as this authority is expressly conferred by the code. The order dissolving or sustaining an attachment, when made by a court, is undoubtedly a final order and may be reviewed on proceedings in error instituted before judgment.  This was the ruling in Ohio, under code provisions similar to ours. Watson v. Sullivan, 5 O. S., 43;  Harrison v. King, 9 Id., 388; Gans v. Thompson et al., 11 Id., 579;  Code Civ. Proc., Wyo. Rev. Stat., Sec. 3126, 3128.  This rule is not a universal one but is supported by sound decisions under code provisions similar to ours.  Sutherlin v. Underwriter's Agency, 53 Ga., 442;  Bruce v. Conyers, 54 Id., 680;  Schlemmer v. Myerstein, 19 How. Pr., 412;  Rauscher v. McElhinney, 11 Mo., App. 434.  Under our code, it may be that proceedings in error would not lie from the order of the judge in vacation upon attachment proceedings, as it is a judgment rendered or final order made by the district court, which may be reversed, vacated or modified by the supreme court, for errors appearing on the record (Rev. Stat., Sec. 3128) and no provision seems to be made in express words permitting the review of a final order made by a judge at chambers.  In some jurisdictions, courts of general and superior original jurisdiction, akin to our district courts, are by statute or by constitutional provision considered to be open at all times for the hearing of motions and settling pleadings, but we have no such statute. It is doubtful if the action of the judge at chambers may be considered as that of the court itself, at term time.  Atwood et al. v. Whipple, 48 O. S., 312.  However, in this State, the district court is composed of a single judge, and it may be that the Ohio decision last cited does not apply.  The order of the judge in vacation in disposing of the ancillary attachment proceedings in a case, is as effective as the order of the same judge sitting as a court in term time, and terminates such proceedings as fully as would an order of the court in such

proceedings. We do not deem it proper to pass upon these close questions of practice and construction of the code in this proceeding, which we have mentioned in order to call the attention of the bar to them, as the case may be disposed of on other grounds.

Conceding that the proceedings by motion to vacate the order of dissolution and for a re-hearing were regular or formal, of which we have grave doubts, neither the motion of plaintiff in error to vacate the order dissolving or discharging the attachments and for a re-hearing on the motions to dissolve, nor the affidavit in support of such motion to vacate, nor both of them considered together, is sufficient to warrant the relief asked by plaintiff in error. The order of the court striking the motion and affidavit from its files might not have been the proper procedure, but the right result was reached, as no sufficient showing was made to call for the setting aside of the order made by the judge in vacation. The motion itself makes but general allegations, while the affidavit sets forth the grounds of fraud, concealment, misrepresentation and misleading influence of the adverse party, which it is claimed operated to secure the order of dissolution. A review of the affidavit, which was filed in each case, we think, will conclusively show that the plaintiff in error was not entitled to a review of the attachment proceedings and a vacation of the order of dissolution. The affidavit is made by the cashier of the First National Bank of Sundance and alleges that one Summers is the vice-president of said bank, being the owner of $2,000 of the $50,000 capital stock of said bank, and is also cashier and general manager of the Bank of Spearfish; that Summers made an affidavit on behalf of the Moorcroft Ranch Company to secure the dissolution of the attachment and that said Moorcroft Ranch Company confessed three several judgments in the sum of $1,000 each in the county court of Dawes county, Nebraska; that he procured a transcript of these judgments to be filed in Sioux county, Nebraska, where some 200 head of horses of the Moorcroft Ranch Company were located, and caused executions to be issued thereon and placed in the hands of the sheriff of said county with the direction not to

levy upon said horses until he should receive further instructions. It is asserted that these doings of Summers were known to defendant in error at the time of the dissolution of the attachment, and that they were concealed from the judge and the plaintiff in error in the course of the proceedings to dissolve the attachment. It is alleged further that one Bartlett Richards, who represented the Moorcroft Ranch Company, defendant in error, in the attachment proceedings purposely evaded answering a question put to him upon the hearing to dissolve the attachments, as to the amount of indebtedness of said company to the bank of Spearfish. It is also disclosed by the affidavit that after the attachments were dissolved, the defendant in error, the Moorcroft Ranch Company, executed a certain mortgage upon its real estate, including that attached in these actions, in favor of three banks in which Summers and Richards were largely interested either in the management or ownership, and these banks were the only creditors of the Moorcroft Ranch Company, with the exception of the plaintiff in error. The affidavit further recites that all these proceedings in confessing judgments, issuing executions and executing the mortgage, were had in order "to tie up, encumber and practically dispose of" all the property of the Moorcroft Ranch Company for the benefit of the other banks; and that at the time the motions to discharge the attachments were pending, the cashier and general manager of the plaintiff in error endeavored to have a meeting with said Richards as president of one of the banks referred to, and general manager of the defendant in error to arrange for the securing of the plaintiff's claim equally with the other indebtedness owing to the banks other than plaintiff in error; that said Richards refused to make any such arrangements or to give any security whatever to the plaintiff, and that this effort of plaintiff in error was afterwards renewed through its attorneys and those for the defendant in error, without avail.

These statements disclose no fraud and set forth no ground for the vacation of the order dissolving the attachments and for reopening the question. There is no pretense in the affidavit that these judgments confessed or the mortgage exe-

cuted were procured without consideration or that the proceedings were sham or invented for the purpose of depriving the plaintiff of its right to subject the property of the Moorcroft Ranch Company to the fruits of any judgment obtained against said company. There is no allegation that the property of the defendant company is insufficient to pay more than the amount of the mortgage and judgments, or to satisfy the claim of the plaintiff in error after discharging these liens. We know of no rule of law that prevents any debtor from securing any one of its creditors in the payment of an honest debt to the disadvantage of an unsecured creditor, except where an assignment for the benefit of creditors is contemplated or is made contemporaneously with the creating of such liens. There is no hint in the affidavit that the defendant in error is insolvent, and such an allegation is not supplied by the statement that all of its real estate was mortgaged or that executions were out against certain of its property. One ground of complaint in the affidavit is that plaintiff in error was not included in the arrangement securing the other creditors, but this is no ground for disturbing the order dissolving the attachments, which it endeavored to obtain in order to secure a lien paramount to the other creditors. The motion and affidavit for vacation and review of the order dissolving the attachments are wholly insufficient whether considered together or separately, and although the district court may not have determined the matter upon the insufficiency of the showing made by plaintiff in error, yet the error, if there was any, in sustaining the motion to strike from the files of the court the motion of plaintiff in error was not prejudicial, as it was entitled to no relief under its proceedings, which were certainly of doubtful formality and regularity.

*The order of the district court is affirmed.*

CONAWAY and CLARK, JJ., concur.