## ANDERSON v. MATTHEWS, ET AL.

APPEAL AND ERROR — ORDER OF DISTRICT JUDGE AT CHAMBERS —
   REVIEW OF ORDER APPOINTING RECEIVER — PARTIES.

1. The supreme court does not have jurisdiction on appeal of
an order of a district judge at chambers, as distinguished
from an order of court.

2. But an act of the judge àt chambers, within the limitations
of the statute, declaring the court open at all times for certain
specified purposes, is the act of the court as much so as if
performed at a regular term; and an order of the judge duly
entered pursuant to said statute, is an order entered in open
court, and it is as much an order of court as any decision an-
nounced and entered in term time.

3. Upon application of plaintiff in a foreclosure suit a receiver
was appointed. One of the defendants, holder of a senior
mortgage, upon filing answer and cross petition asking fore-
closure of his mortgage, moved the appointment of a receiver

in his behalf and the vacation of the former appointment. The motion was denied. *Held*, that the order appointing the receiver, and the order denying defendant's motion for the vacation of the appointment, and for a receiver in his own behalf, were final orders and reviewable on error.

4. In a proceeding in error seeking the review and reversal of an order appointing a receiver in a foreclosure suit, the receiver is not a necessary party. Nor is he a necessary party on error from an order denying the motion of a party to the cause for the vacation of the appointment and the substitution of a receiver to be appointed in behalf of the moving party.

[Decided May 8, 1899.]

ERROR to the District Court, Sweetwater County, HON. DAVID H. CRAIG, Judge.

On motion to dismiss.

*John H. Chiles*, for defendant in error.

An order of a district judge made at chambers or in vacation is not reviewable. (Const., Art. 5, Sec. 2; R. S. of 1887, Sec. 3128; Bank v. Moorcroft Ranch Co., 5 Wyo., 50; Hubbell v. Mc Court, 44 Wis., 584; Carter v. James, 96 Ga., 280; 2 Ency. Pl. and Pr., 96–98; 4 Id., 365, 366; Bank v. Smith, 1 S. D., 28; Black Hills v. Grd. Isl., 2 Id., 546; Holden v. Haserodt, 3 S. D., 4; Post v. Carpenter, 2 Fla., 441; Prince v. Mc Carty, 61 Wis., 3; Stewart v. Allen, 68 Id., 61; State v. Brownell, 80 Id., 563; Sufferin v. Chisholm, 1 Wash. Ter., 486; Sheldon v. Mc Knight, 34 O. St., 316; Hottenstein v. Conrad, 5 Kan., 249; Kansas, etc., Co. v. Ry. Co., 31 Id., 90; Lyon Co. v. Esmeralda, 18 Nev., 166; Brewster v. Hartley, 37 Cal., 15; Hawes on Juris., 27.) The statute declaring court open at all times does not authorize appeals from an order of judge at chambers. (L. 1895, p. 43.)

The authorities are not uniform as to whether an order appointing a receiver is a final order. It is held not, by some courts. (2 Ency., Pl. and Pr., 121, 122; Snarley v. Buggy Co., 36 Kan., 106; Boyd v. Cook, 40 Id., 675;

High on Receivers, 25–29; Smith on Receivers, 69–73.)
The receiver is a necessary party. (Twitchell v. Weil,
49 Pac., 634; Scannell v. Felton, 57 Kan., 468; 2 Ency.,
Pl. and Pr., 192; Denebiem v. Wingate, 51 Pac., 909;
Mosler v. Bank, Id., 309; Pac. Coast Tr. Co. v. Billing-
ham, Id., 382; 47 O. St., 250; Siebel v. Bath, 5 Wyo.,
409.)

*E. E. Enterline* and *D. A. Reavill*, for plaintiff in
error.

The orders complained of are final orders and review-
able on error. (Bank v. Moorcroft Ranch Co., 5 Wyo.,
50; R. R. Co. v. Sloan, 31 O. St., 1; Whit. Ann. Code,
Sec. 6707 and note.) Under laws of 1895, Ch. 21, the
orders made by the judge are court orders. (Ins. Co. v.
Weber (N. D.), 50 N. W., 703.)

CORN, JUSTICE.

This is an action to foreclose a mortgage; and upon the
application of the plaintiff, Hannah Matthews, a receiver
was appointed. Anderson, the plaintiff in error, one of
the defendants below, being the holder of a senior mort-
gage, filed an answer and cross petition asking for the
foreclosure of his mortgage and for the appointment of a
receiver in his behalf; and subsequently filed his motion,
supported by affidavits, praying for the appointment of
such receiver, and that the former appointment be set
aside. The motion was denied, and he comes to this
court and assigns for error the appointment of the
receiver on the application of Mrs. Matthews and the
denial of his motion. Both orders complained of were
made by the judge in vacation in other counties of the
district than that in which the suit was pending. Mrs.
Matthews moves to dismiss the proceedings in error on
the grounds that this court is without jurisdiction, that the
decision complained of is an interlocutory order and not a
final judgment or order, and that there is a defect of par-
ties in that the receiver is not made a party. This hear-
ing is had only upon the motion to dismiss.

The defendant in error insists that the orders complained of are not appealable and that this court is without jurisdiction under our constitution and statutes.

The preliminary inquiry is whether this court has jurisdiction on appeal of orders made at chambers as distinguished from orders of court, and we think it has not. In Wisconsin there was a statute providing for an appeal directly to the supreme court from orders made by the circuit judge at chambers. The constitution of that State provided that except in cases otherwise provided by the constitution, the supreme court should have appellate jurisdiction only, coextensive with the State, and should have a general superintending control over all inferior courts. The supreme court held that under this provision the appellate powers of that court were limited to the judgments and orders of *courts* and could not be extended by the Legislature to the acts or decisions of officers or persons not acting as a court; that the jurisdiction to review the acts of such officers was in the circuit court itself, and that it should be deemed exclusive. The case is much stronger under our constitution and statutes. For while Section 2 of Article 5 of the constitution gives to the supreme court general appellate jurisdiction, the same section in providing for its general superintending control over inferior courts speaks of courts only; and Section 18 of the same article provides that "writs of error and appeals may be allowed from the decisions of the district courts to the supreme court," there being no provision allowing writs of error or appeals from the decisions of judges or other officers. The very clear indication is that the appellate powers of the supreme court are limited to a review of the decisions of the district courts, the distinction between a court and the judge or other officer being clearly marked in our constitution and statutes.

This view is also in accord with the judicial system of the State, the district court having original jurisdiction under the constitution of all causes both civil and crimi-

nal.  The apparent purpose was that all matters, unless otherwise specially provided by the constitution, should be adjudicated in those courts before the powers of the supreme court could be invoked.   The statute proceeding upon the same idea, provides that "a judgment rendered or final order made by the district court may be reversed, vacated, or modified by the supreme court for errors appearing on the record."  It seems to be reasonably clear that an order of the judge at chambers, as such, is not appealable to this court.

But we have certain statutes which it is claimed change the aspect of the question.  By Chapter 21, Laws of 1895, it is provided: "Section 1.  In addition to the terms of the several district courts of this State, as fixed and provided by law, each district court shall be open at all times for the transaction of business in the entry of judgments, decrees, orders of course, and such other orders as have been made or granted by the district court, or any judge thereof, and for the hearing and determination of all matters brought before the court or judge, except the trial of issues of fact.   When any cause, action, or matter has been heard by the court or judge, the decision may be made out of term, and such decision may be made by order, or by direction that an order, judgment or decree be entered; and upon the filing in the office of the clerk of the district court, of the county wherein the action or proceeding is pending, the decision in writing signed by the judge, whether it be an order, a judgment, or decree, as the case may require, shall be entered by such clerk in conformity with such decision."

"Sec. 2.   The judges of the several district courts of this State may, at their discretion, with the consent of the parties, try issues of law and of fact in the vacation or recess of the district court, and may decide such issues either in or out of term; and thereupon judgment may be rendered with the same effect as upon issues tried and determined in term time."

The purpose of this act is unmistakable.  At the time

of its adoption there was in force an act, Chap. 70, Laws of 1890, providing that all motions, demurrers, applications and other matters not involving a trial upon the issue of fact in any civil or criminal action, or special proceeding pending in any of the district courts, might be heard and determined by the judge of such court in vacation, as well as by the court in term time at any place in his district. One purpose of the Act of 1895, evidently was to empower the judge, by consent of the parties, to try any case, not requiring a jury, at other times than during the regular terms, and to provide that his judgment upon such trial should be the judgment of the court and should be so entered. It was not any part of the purpose of the act to confer upon the judges any additional power to hear and determine matters not involving a trial upon issues of fact, for that was already fully conferred by the Act of 1890. But the express purpose is to declare the district courts to be open at all times for certain purposes; among them the entry of such orders as have been made or granted by the district court or any judge thereof. An order so entered would seem, without any question, to be an order entered in open court, and there appears to be no escape from the conclusion that it is as much an order of the court as any decision announced and entered in term time. We see no reason to doubt the power of the Legislature to declare the courts to be open at all times, and having done so, the result mentioned seems to follow. Of course it does not follow that all of such orders are appealable directly to this court, as it is only final orders which we are empowered to review. Neither does it follow, we think, that the district court loses its power to reverse, vacate, or modify such orders in term time at a succeeding term if the case is then still pending before it. The Legislature might have provided no doubt, there being no constitutional prohibition, that the regular terms of the courts should be continuous and the courts open at all times for all purposes. It has not seen fit to take such action, nor even to make the regular

terms continuous for the purposes specified. But by the act those courts are declared to be open at all times for the specified purposes "in addition" to the terms as fixed and provided by law.

In Florida under a statute authorizing the judges "to exercise in vacation any jurisdiction or power they are now authorized or empowered to exercise in term time," the supreme court of that State say when the judge exercises such jurisdiction that for the purpose of the application or motion it is virtually a term of court. Myrick v. Merritt, 21 Fla., 800. In the same State a statute provided that demurrers might be heard in vacation and the judge in vacation make any order in regard thereto, and consequent upon his determination of the issues of law presented, that he could in term time. Where a demurrer to the plaintiff's petition was overruled and the defendant refused to plead further, the court held that final judgment should be entered in vacation in favor of the plaintiff, and they say such judgment is the judgment of the court to be entered by the clerk upon the order of the judge in the same manner as such judgment would be entered in term time, the clerk assessing the damages. McGhee v. Ancrum, 33 Fla., 506. Under a similar statute in North Dakota it is said the reason why the judge, out of term, sitting in his chamber, could not formerly exercise the power and authority of the court was simply because the court at such times was not open for the transaction of business. And they conclude that by force of the statute, where the decision is made after notice and a hearing it is the court which acts, and not the judge; and this without regard to whether the order in form purports to be by the judge at chambers or by the court. Insurance Co. v. Weber, 2 N. D., 240.

In South Dakota, under a similar statute, the court reach a somewhat different conclusion. The statute contained a proviso that it should not be construed to prevent the judge from making any order at chambers at any place within the territory in any matter properly before

him. And the court conclude that the power to make chamber's orders being thus specially reserved to the judge, it is left to his discretion to make it either a court order or an order at chambers; that there is sufficient reason why the judge should have such discretion, as he may desire to reserve the right to review his order when he can examine the matter more at his leisure. As the South Dakota act, however, differs from ours in this regard, it seems to be unnecessary to discuss this view. But we suggest that in the case of a final judgment entered in vacation under our act there would be manifest impropriety, and possible hardship and injustice, in holding it in abeyance for examination and reconsideration at the next regular term of the court; and this construction would defeat the evident purpose of the act to facilitate a determination of the controversy. While in the case of an order merely, whether final or interlocutory, as long as the action was pending there the court would retain control to reverse, vacate, or modify it; and this, we apprehend, whether it was deemed an order at chambers or an order of court. We think the only reasonable conclusion is that the act of the judge, within the limitations of the statute, is the act of the court, quite as much as the same would be if performed during the session of a regular term.

But the defendant in error insists that the orders complained of are not final orders under our code of procedure. The code provides, Rev. Stat., Sec. 3126, that, "an order affecting a substantial right made in a special proceeding is a final order." The supreme court of Ohio from which State our code is taken have held that the appointment of a receiver is a special proceeding and that such appointment or the vacation of a receivership may affect substantial rights and that such orders are the subject of review on error. R. R. Co. v. Sloan, 31 O. S., 6.

The same view of the question is taken in Adair v. Wright, 16 Iowa, 385; Knight v. Nash, 22 Minn., 452;

Schultz v. Pac. Ins. Co., 14 Fla., 73, and other cases in those States.  And this court, in First Nat. Bank v. Moorcroft Ranch Co., 5 Wyo., 55, followed the Ohio rule in holding that an order discharging or sustaining an attachment is a final order and subject to review before judgment.  As is said in R. R. Co. v. Sloan, supra, the principle of the decision applies as well to the vacation of a receivership as to the discharge of an attachment.  The authorities are not uniform, but under the conditions of legislation in this State we think this court should follow the Ohio decisions upon the question.

The other ground of the motion remaining to be considered is that the receiver should be made a party.  It is plain that there are many cases where the receiver is a necessary party, as where he sues or is sued; where his accounts are to be adjusted; where it is sought to hold him to a pecuniary liability for his official acts and, in general, in any case where he is a party in interest.  We think he is in no sense a party in interest in this case.  He is a mere officer of the court.  The office is not conferred upon him for his own benefit, and he has no title to the property in his hands.  He is merely the hand of the court for holding the property pending the litigation.  He does not represent any of the parties or their interests, and he would not be authorized to use the preceeds of the receivership property for the payment of costs, attorney's fees, or other expenses which might be incurred in asserting any supposed title of his to the office.  We think he is not in any sense a party in interest, or a proper party to the proceedings in this case.  In re Colvin, 3 Md., Ch. 301.

*Motion to dismiss denied.*

POTTER, C. J., concurs.

KNIGHT, J., did not sit.