RIFFLE v. SIOUX CITY AND ROCK SPRINGS COAL MINING CO., ET AL.
(No. 672.)

EXCEPTIONS, BILL OF—FILING—TIME—APPEAL AND ERROR—PARTIES—REVIEWABLE ORDERS—ORDER FOR SALE OF PROPERTY BY RECEIVER—JURISDICTION.

1. Where an order of court allowed 60 days within which to present a bill of exceptions for allowance, which carried the time several days beyond the first day of the next succeeding term of court, and the bill was presented on the fifty-ninth day after the date of the order, which was the fourth day after the next succeeding term; Held, that it was too late, since the court was without power to allow or extend the time for presenting the bill beyond the first day of the next succeeding term.

2. Persons not parties to the proceeding in the trial court are not affected or concluded by an order made therein, and are not necessary parties to the proceeding in error for a reversal of the order.

3. An order directing the sale of the property of a corporation by a receiver previously appointed for the purpose of protecting the property pending the action may affect the substantial rights of the parties and is reviewable on error.

4. Where a receiver was appointed in an action for the sole purpose of preserving the property of the corporation involved pending the action, the only purpose, in the absence of special circumstances, for which the property of the corporation could be ordered sold in the action would be to pay the expenses of the receivership and caring for and protecting the property, and in such case so much only should be sold as would be necessary for that purpose.

5. A receiver having been appointed for the protection of the property of a corporation pending the litigation, the court was limited in making an order for the sale of the property of the corporation to the property described in an application for the sale, and beyond that the court was without jurisdiction, in the absence of the parties or their consent to including other property in the order, assuming that the several parties were notified of the application for the sale.

[Decided July 1, 1912.]                    (124 Pac. 508.)

Error to the District Court, Sweetwater County; Hon. David H. Craig, Judge.

Action by A. T. Riffle against the Sioux City and Rock Springs Coal Mining Company, a corporation, and others, including A. B. Beall and B. F. Bogenrief, who were sued in their capacity as receivers of the corporate property. After a sale of the property of the corporation, which occurred upon the application of the receivers for the purpose of paying expenses, and the refusal of the court to vacate the sale upon the motion of the plaintiff in the action, the plaintiff brought the case to the Supreme Court on error, assigning as error want of jurisdiction to appoint the receivers, and to order a sale of the property of the corporation, and irregularity in the making of several other incidental orders. The proceeding in error was apparently taken from the order denying the motion to vacate the sale. On behalf of some of the defendants in error motions were filed to strike the bill of exceptions from the record, and to dismiss the proceeding in error. The cause was heard upon said motions, and also upon the merits without a waiver of the motions. The other material facts are stated in the opinion.

*W. B. Dunton* and *F. T. Johnson,* for plaintiff in error.

Upon the facts, as shown by the record, the district court was without jurisdiction to appoint a receiver, and plaintiff in error is not estopped to question the want of such authority at this time. A receiver should not be appointed where an injunction will serve as well to protect the rights of the parties. (High on Receivers, (2nd Ed.) pp. 2, 11, and secs. 288, 289; State v. Court, (Mont.) 50 Pac. 852; Mason v. Court, (Md.) 39 Am. St. 433; Port Huron v. Judge &c., 31 Mich. 456; Wallace v. Pub. Co., (Ia.) 63 Am. St. 389; Secord v. Mining Co., 53 Wash. 620; Neale v. Hill, 16 Cal. 146; French v. Bank, 53 Cal. 495; Nowell v. Trust Co., 169 Fed. 497; Cohn v. Wahn, 117 N. Y. Supp. 633; Joseph v. Herzig, 115 N. Y. Supp. 330; Bellamy v. Tel. Co., 25 L. R. A. (n. s.) 412 and note; High on Receivers, (2nd Ed.) secs. 563, 615; Hall v. Nieukirk, 118 Am. St. 198 and note; Cortelyou v. Hathway, 64 Am. Dec. 485.) The district court should have rectified its mistake in appointing a receiver by discharging him at the request of the defendants upon filing their answers, and a failure to do so was improvident and an abuse of judicial discretion. (High on Receivers, (2nd Ed.) secs. 24, 820.) No opportunity was given to the plaintiff to except to the approval or allowance of the reports and accounts of the receiver. The proper practice requires that notice should have been given and that the parties be given an opportunity to object. (Hayden v. Title and Trust Co., 55 Ill. App. 241; Standish v. Musgrove, (Ill.) 79 N. E. 161; Rice v. McJohn, (Ill.) 91 N. E. 448; Strauss v. Supply Co., (N. J.) 60 Atl. 402; Gutterson v. Iron and Steel Co., 151 Fed. 72; High on Receivers (2nd Ed.) sec. 798.) The receivers' certificates were improperly issued, had no validity in fact, and should not have been considered in making the order for the sale of the property in the hands of the receiver. (Standley v. Mfg. Co., 27 Colo. 331; Trust Co. v. Coal Co., 27 Colo. 246.) It appears that the receivers were the only persons demanding the sale, and on the face of the

application sufficient facts were not stated to authorize a
sale of practically all of the property of the corporation.
(High on Receivers, (2nd Ed.) sec. 197.) The sale prac-
tically put an end to the company by depriving it of all its
assets; the purchaser was one of the shareholders repre-
senting the faction that plaintiff had charged in her petition
with attempting to wreck the company. And before she was
able to have the merits of her case determined the court
caused the sale of all of the property of the company in
this state. This was a great injury to the plaintiff and
wholly unwarranted by the facts. The plaintiff's motion
for a vacation of the sale should have been sustained. (High
on Receivers, (2nd Ed.) sec. 191; Gutterson v. Iron and
Steel Co., supra.)

*Edwin J. Stason,* for defendants in error, Marriott,
Kloster, O'Harrow, Scott, Meyer, Atkinson and Bogen-
reif.

The orders in this case complained of by the plaintiff in
error are not reviewable, since they are not orders affect-
ing her substantial rights, or, in effect, determining the action
and preventing a judgment. (Rev. Stat., sec. 4247; 2 Ency.
Pl. & Pr. 72, 80; Nelson v. Brown, 59 Vt. 601; Harmon v.
Barhydt, 20 Neb. 630; Bank v. Christ, 82 Ia. 56.) The
proceeding in error should be dismissed because the sum-
mons in error was not issued and served, or publication made
upon all of the parties, entitled to and required to be served.
The plaintiff in error voluntarily accepted the performance
of the orders complained of, and the benefits thereof, and
received part of the proceeds of the sale. She cannot now
complain of any irregularity in the proceedings. (R. Co.
v. Byington, 14 Ia. 572; Hooper v. Beecher, 109 N. Y. 609;
Green v. Blackwell, 32 N. J. Eq., 768; Carr v. Miner, 40
Ill. 33; Bank v. Bremer Co., 42 Ia. 394; Sturtevant Co. v.
Bohn, 59 Neb. 82; Cowherd v. Kitchen, 57 Neb. 426;
Bragg v. Bewett, 99 Wis. 348; Storke v. Storke, (Cal.)
44 Pac. 173; Clallam Co. v. Clump, (Wash.) 47 Pac. 13;
2 Ency. Pl. & Pr., 174, 175, and cases cited; Miller v.

Wright, 14 N. Y. Supp. 468; Root v. Heil, 78 Ia. 436; Bruce v. Smith, 44 Ind. I.) For lack of proper or necessary parties the proceeding in error should be dismissed. (2 Ency. Pl. & Pr., 764 and cases cited.) A purchaser at a judicial sale is a proper and necessary party to an appellate proceeding relating to the property sold, or to the validity of the proceedings under which the sale was held. (2 Ency. Pl. & Pr. 776, note 32 and cases cited; Kells v. Nelson-Tenny L. Co. (Minn.) 76 N. W. 790.) All parties to the record who appear to have an interest in the order or judgment challenged must be given an opportunity to be heard on the appeal, and a receiver, as well as creditors whose claims are affected by a decree declaring priorities, are necessary parties to an appeal from the decree. (Bank v. Packing Co., (Ia.) 75 N. W. 503; Bank v. Kilbourne, 76 Fed. 883.) The plaintiff's exceptions were not preserved in the manner provided by the statute, nor at the time so provided.

The court had jurisdiction to appoint the receiver. (Rev. Stat., secs. 4054, 4057; State v. Court, (Mont.) 39 Pac. 316; Mill Co. v. Mikesell, (Neb.) 75 N. W. 46; Cameron v. Imp. Co., (Wash.) 54 Pac. 1128; Trust Co. v. R. Co., 117 U. S. 434; 34 Ency. Pl. & Pr. 86 and cases cited; Miner v. Ice Co., 93 Mich. 97; R. Co. v. Adams, (Tex.) 32 S. W. 733; Greenawalt v. Wilson, 52 Kan. 109.) The appointment of the receiver was within the discretion of the court, and that discretion will not be interfered with on appeal except in case of abuse. (O'Donnell v. Bank, (Wyo.) 64 Pac. 337; High on Receivers, (4th Ed.) sec. 7 and cases cited; 34 Cyc., 149; McGilliard v. Donaldsonville Foundry, (La.) 29 So. 254; Rogers v. Rogers, (Tenn.) 42 S. W. 70; 17 Ency. Pl. & Pr., 863 and cases cited; Bank v. Claflin, (Ia.) 79 N. W. 279.)

The plaintiff cannot complain of the appointment of the receiver without notice, for the reason that she made the application herself. It is true that she applied for the appointment of another person, who resigned. But if there

was any reason for the appointment of that person there was just as valid a reason for the appointment of a successor. An appeal does not lie from receivership orders unless they affect substantial rights. (High on Receivers, (4th Ed.) sec. 27; Brown v. Ring, 77 Mich. 159; Hall v. Cir. Judge, 111 Mich. 395; Mardian v. Cir. Judge, 118 Mich. 353.) If anyone had the right of appeal it was the defendant corporation. (High on Receivers, (4th Ed.) sec. 25 and cases cited.) The plaintiff is not now in a position to complain as to the appointment of a receiver: (1) Because she filed a petition asking for equitable relief, and incidentally that a receiver be appointed. (2) Because she acquiesced for three years in the receivership. (3) Because if the orders are appealable no proper objections or exceptions were taken. (Trust Co. v. Coal Co., 16 Wash. 499; Ellis v. Ice Co., 86 Tex. 109; Ins. Co. v. Davis, 94 Va. 427; Underwood v. Sutcliffe, 10 Hun, 454; Little Rock W. Co. v. Barrett, 103 U. S. 516; Bell v. Ins. Co., 3 Fed. Cas. 1261; Jones v. Fish Co., 42 Wash. 332; Pagett v. Brooks, (Ala.) 37 So. 263; Greeley v. Bank, (Mo.) 15 S. W. 429; Post v. Dorr, 4 Edw. (N. Y.) 412; Saunders v. Kemper, (Tex.) 32 S. W. 585; Neeves v. Boos, 86 Wis. 313; 32 Cyc., 162 and cases cited in notes; High on Receivers, (4th Ed.) sec. 37; State v. New Orleans, (La.) 31 So. 55; 34 Cyc., 159; R. Co. v. McBeth, 149 Ind. 78; Gray v. Ongston, 146 Ind. 285; Rankin v. Rothschild, 78 Mich. 10; Ecklund v. Willis, 42 Neb. 737; Crobin v. Berry, 83 N. C. 27; Wabash R. Co. v. Dykeman, 133 Ind. 56.) The appeal must be taken from the order within the time, and in the manner, fixed by statute. It will not do to wait till the case is disposed of. (Chase v. Driver, 92 Fed. 780; McKinnon v. Wolenden, (Wis.) 47 N. W. 436.)

No proper objections were made or exceptions preserved, and no exception taken to the action of the court with reference to the receivers' certificates. They were issued largely to pay expenses which the plaintiff had caused by the action brought by her, and of the receivership which

she had instituted. Moreover, she acquiesced for more than a year in the payment of the certificates, before attempting to appeal from the orders authorizing them. The certificates were properly issued, and, if not, the plaintiff in error cannot now complain. (High on Receivers, (4th Ed.) 216; Anderson v. Matthews, 8 Wyo. 307; 34 Cyc. 296; Iron Co. v. German, (Ala.) 28 So. 603; Vandalia v. St. Louis R. Co., (Ill.) 70 N. E. 662; Wallace v. Loomis, 97 U. S. 146; Vandalia v. R. Co., 209 Ill. 73; F. L. & T. Co., Petitioner, 129 U. S. 206; Rutherford v. R. Co. 178 Pa. St. 38.)

The sale of property by a receiver will be confirmed generally where it was made in good faith and for the best interests of all concerned. (Bank v. Bunting, (Ida.) 63 Pac. 697; Pitzole v. Cohn, 217 Ill. 30; Files v. Brown, 124 Fed. 133; Nisbet v. G. N. Co., 41 Wash. 107; High on Rec., (4th Ed.) sec. 198; Hospes v. Mfg. Co., (Minn.) 43 N. W. 180.) The term "judicial sale" includes a sale by a receiver. (In re Bank, 9 Bliss, 535; Campbell v. Parker, (N. J.) 45 Atl. 116; Matter of Dennison, 114 N. Y. 621.) Every reasonable presumption should be indulged in favor of a receiver's sale. (17 Ency. Law, (2nd Ed.) 994; Quigley v. Breckenridge, 180 Ill. 627; Strouse v. Drennon, 41 Mo. 289; The Ruby, 38 Fed. 622; Whitman v. Fisher, 74 Ill. 147; Bank v. Clarke, 28 Md. 145; Evans v. Roberson, (Mo.) 1 Am. St. 701; Barton v. Hunter, 101 Pa. St. 406; Min. Co. v. Mason, 145 U. S. 349; Stewart v. Severance, 43 Mo. 322; Syndicate v. Nickel Co., 103 Fed. 391; Ryan v. Wilson, (N. J.) 53 Atl. 993.) Irregularities in the proceedings leading up to, or in the conduct of, a judicial sale may furnish ground for a refusal to confirm, but do not render a sale invalid, and will not be ground to set it aside after confirmation. (17 Ency. Law, (2nd Ed.) 999, notes 4 and 5.) Where a judicial sale is void or is set aside, the purchaser, if he has acted in good faith, may have the purchase money returned to him with interest, and is entitled to be reimbursed for his expenditures upon the property.

(17 Ency. Law, (2nd Ed.) 1024.)   A receiver need not be personally present at the sale.   (Threadgill v. Colcord, (Okl.) 85 Pac. 703.)

*F. T. Johnson* and *W. B. Dunton,* for plaintiff in error, in reply.

The error complained of is reviewable.   (Anderson v. Mathews, 57 Pac. 156; Gramm v. Fisher, 29 Pac. 377; Kahn v. Ins. Co., 34 Pac. 1059; Bank v. Ranch. Co., 5 Wyo. 50; R. Co. v. Sloan, 31 O. St. 6; Los Angeles v. Water Co., 66 Pac. 198; Hovey v. McDonald, 109 U. S. 150; Trustees v. Greenbough, 105 U. S. 527; State v. Fawcett, 78 N. W. 636; Bank v. Bunting, (Ida.) 63 Pac. 694.)   The statute was followed as to the service of summons in error by serving the same upon the attorney of record for the adverse parties.   This was sufficient.

There is no evidence in the record showing that the plaintiff received a part of the benefits of the sale.   If she purchased a claim, as she might do, and as assignee received the amount thereof, her rights as an individual stockholder are not affected, nor would she be estopped from prosecuting the appeal.   (In re Day, (Wash.) 51 Pac. 474; Hinchman v. Ry. Co., 44 Pac. 867.)

The purchaser at the receivers' sale is not a necessary party to the appeal.   He is not here objecting to the proceeding, and the other defendants cannot object for him.   He is fully protected in case of a reversal by the provisions of the statute.   (Rev. Stat. 1899, secs. 3863-3864.)   The receiver was not an agent of either party to the action but was an officer of the court.   (Mfg. Co. v. Parry, (Colo.) 86 Pac. 113.)   Whenever a person purchases property at a receivership sale, with full notice of the defects in the proceedings, and the objections made by a party or counsel, he takes the title subject to the right of an objecting party to contest the sale.   (Rorer on Judicial Sales, (2nd Ed.) secs. 572, 1101, 1142; Waldron v. Harvey, (W. Va.) 102 Am. St. 962; Millsap v. Este, (N. C.) 107 Am. St. 496.)   This purchaser was a stockholder in the defendant company, and knew, and

is presumed to have known, that the sale was illegal and brought about fraudulently.

Notwithstanding the alleged error of the trial court with reference to the time granted for the presenting of the bill of exceptions, an error overlooked by plaintiff and her counsel, the bill should be permitted to remain for the purpose of aiding a correct decision. If the bill is stricken from the record, there will be enough in the record proper to justify a reversal of the order complained of. The statutory provision limiting the time until the first day of the next succeeding term of court for reducing exceptions to writing seems to have been intended to apply to cases regularly tried in the court, rather than special proceedings resulting in orders like those complained of here.

BEARD, CHIEF JUSTICE.

The plaintiff in error, A. T. Riffle, brought this action in the district court of Sweetwater county as a stockholder in the Sioux City and Rock Springs Coal Mining Company, a corporation, against said company and other defendants alleged to be officers or persons pretending to be officers of the company; and alleging that said parties were unlawfully and wrongfully assuming to act as such officers and were fraudulently and unlawfully conducting the affairs of the company and were fraudulently issuing the stock of the company without consideration and in general were so conducting the affairs of the company as to deprive the plaintiff and other stockholders of their interest in the company and render their stock therein of no value, and praying that the defendants might be enjoined from further managing the affairs of the company until it should be determined who were the lawful officers of the company, and for other and general relief, or that a receiver be appointed to take charge of the books and records and property of the company pending the action. It appears that the company is a corporation organized under the laws of this state, but having its principal office and place of business in Sioux City, Woodbury county, Iowa; and that prior to the commencement of this

action a similar action had been commenced in the district court of Woodbury county, Iowa, and that a temporary injunction had been issued by that court and the defendant Beall appointed receiver. There is no claim that the company was insolvent or that the actions were for the purpose of winding up its affairs or to dissolve it. The property of the company in this state consisted of four hundred and forty acres of land to which it had title, and five hundred and twenty acres referred to as Forest lien scrip entries. On the presentation of the petition and order of the Iowa court to the judge of the district court of Sweetwater county, an order was made similar to that entered by the Iowa court and appointing John Hay of Sweetwater county receiver. Hay soon thereafter resigned, his resignation was accepted and he was discharged as such receiver. Whereupon Beall, the Iowa receiver, applied to be appointed receiver in this state, which was done. Later, in the progress of this somewhat remarkable case, Bogenreif, one of the parties to the action, applied for and was appointed joint receiver with Beall. These receivers filed an unverified report setting up a large amount of alleged indebtedness created by them against the company and asked for an order of the court authorizing them to sell certain property of the company for the purpose of paying said claims. In their application they particularly described the property they desired to sell, which was the four hundred and forty acres, but made no reference to or mention of the other lands or other property. The judge of the court fixed a time for hearing the application and directed notice of the time and place of such hearing to be given to the parties interested. At the time so fixed none of said parties appeared, and it is contended by counsel for plaintiff in error that no notice as ordered was ever given; and we do not find among the original papers certified to this court any proof of the giving of such notice. However, the order of the court directing the sale of the property recites that it appeared to the court that such notice had been given. Thereupon the court entered an order directing the

sale of the entire property, including the land above mentioned, but not referred to in the application. The plaintiff in error sought to have the order set aside, which the court refused to do. The making and entering of the order of sale, the refusal of the court to set it aside and numerous other orders and rulings of the court have been assigned as error. In fact, the case has been argued here as though the case had been tried and determined and that this was an appeal and trial *de novo* in this court. Many of the matters so argued seem to be at issue and undetermined in the action which is still pending and has never been brought to trial. A bill of exceptions was filed in this court, and the defendants in error have moved to strike it from the record on the ground that it was not presented for allowance to the court or judge within the time allowed by law.

The statute sec. 4595, Comp. Stat., 1910, provides: "The party objecting to the decision must except at the time the decision is made; and time may be given to reduce the exception to writing, but not beyond the first day of the next succeeding term." It has been held that the time for presenting a bill of exceptions to the court or judge for allowance can not under the statute be extended beyond the first day of the succeeding term. (Smith D. Co. v. Casper D. Co., 5 Wyo. 510-14, 40 Pac. 979, 42 Pac. 213.) In the present case the order of the court allowed the plaintiff in error sixty days within which to present a bill. That carried the time several days beyond the first day of the next term, and while the bill was presented to the court on the fifty-ninth day after the date of the order, it was not presented until the fourth day of the next succeeding term. That was too late. The motion to strike the bill of exceptions must, therefore, be granted.

The bill of exceptions being stricken from the files eliminates from the record and from our consideration all questions presented except the question of the jurisdiction of the district court to make the order of sale which it did make. The defendants in error who have appeared and filed briefs

have moved to dismiss the proceeding on the ground of a defect of parties defendant in error. It appears that all parties to the action in the district court or parties to the proceeding in which the order was made are made parties here. Persons not parties to the proceeding in the district court are not affected or concluded by the order; and it does not appear that any objection was there raised that the necessary parties were not all before the court. "Persons, however, who were not parties in the original action are not necessary parties to the proceedings in error." (Burdick, New Trials and Appeals, sec. 174.) "Persons who were not parties in the district court are not affected by its judgments, and are not necessary parties to the proceedings in error for a reversal of such judgments." (Barton v. Hanauer, 4 Kan. App. 531, 44 Pac. 1007; County Commissioners v. Harvey et al., 5 Okla. 468, 49 Pac. 1006; Patten, Lane, Merriam & Co. v. Powell & Brother, 16 La. Ann. 128; Hoard v. Hoard's Adm'r., 41 Ala. 590; The Littleton Sav. Bk. v. The Osceola Land Co., 76 Ia. 660, 39 N. W. 201; Wood v. Slandenmayer, 56 Kan. 399, 43 Pac. 760.) It is also contended that the order is not a final order and not reviewable here. It has been held by this court that an order discharging or sustaining an attachment is a final order and subject to review before judgment. (First Nat'l. Bk. v. Moorcroft Ranch Co., 5 Wyo. 55, 36 Pac. 821; Anderson v. Mathews, 8 Wyo. 307, 57 Pac. 156.) And in the latter case it was said that the appointment of a receiver was a special proceeding and that such appointment or the vacation of the receivership may affect substantial rights and are subject to review on error. In Anderson v. Englehart, 18 Wyo. 196, 105 Pac. 571, it was held that an order denying a motion to dissolve a temporary injunction is reviewable as a final order affecting a substantial right made in a special proceeding. We think an order directing the sale of the property of a corporation by a receiver appointed for the purpose of protecting the property pending the action may equally affect the substantial rights of the parties and is reviewable on error.

The motion to dismiss the proceedings in error is denied.

The only question on the merits presented by the record properly before us goes to the jurisdiction of the court to make the order. The receivership being for the sole purpose of preserving the property pending the action, the only purpose, in the absence of special circumstances, for which any of the property could be properly sold would be to pay the expenses of the receivership in caring for and protecting the property, and so much only should be sold as would be necessary for that purpose. In this case, as we have before stated, the receivers reported certain claimed indebtedness and applied for an order to sell certain specific property described in the application. Assuming that the parties were notified of the application as ordered by the court, it may well be that they had no objection to the sale of that particular property; but to order a sale of other and additional property, not included in the application, might be quite objectionable. Under the application the court, in the absence of the parties, was limited to making an order for the sale of the property described in the application; and beyond that it was without jurisdiction. The order directing the sale of the Forest lien scrip or the interest of the corporation in the five hundred and twenty acres of land which had been entered with such scrip was beyond the issue tendered by the application and void. To constitute jurisdiction three things are essential: "First, the court must have cognizance of the class of cases to which the one to be adjudged belongs. Second, the proper parties must be present. And, third, the point decided must be, in substance and effect, within the issue. * * * A judgment upon a matter outside of the issue must, of necessity, be altogether arbitrary and unjust, as it concludes a point upon which the parties have not been heard." (Falls v. Wright, 55 Ark. 562, 18 S. W. 1044, 29 Am. St. Rep. 74.) In Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464, the court said: "We are not concerned in this case as to the power of amendment of pleadings lodged in the trial court, or the effect of any

amendment made under such power, for no amendment was made or asked. And without amendment of the pleadings, a judgment for the recovery of the possession of real estate, rendered in an action whose pleadings disclosed only a claim for the possession of personal property, cannot be sustained, although personal service was made upon the defendant. The invalidity of the judgment depends upon the fact that it is in no manner responsive to the issues tendered by the pleadings." Quoted in Gille v. Emmons, 58 Kan. 118, 48 Pac. 569, 62 Am. St. Rep. 609. To the same effect see Jones v. Davenport, 45 N. J. Eq. 77, 17 Atl. 570; Seamster v. Blackstock, 83 Va. 232, 2 S. E. 36, 5 Am. St. Rep. 262; Stewart v. Anderson, 70 Tex. 588, 8 S. W. 295; Munday v. Vail, 34 N. J. L. 418; Kleber's Void Judicial and Execution Sales, sec. 244; Bailey on Jurisdiction, sec 7. As the order of the district court authorized and directed the sale of property other than that applied for and beyond the issues tendered by the application, it was erroneous and should have been set aside as having been made in excess of the jurisdiction of the court.

The order of the district court directing the sale of the property is reversed and the case remanded for further proceedings.                                    *Reversed.*

Scott and Potter, JJ., concur.