The ANITA DITCH COMPANY, Donald Mercer, Boyd Straight, Herman Mayland and Charles Shirran, individually and as a partner of Charles J. Shirran & Sons, a Partnership, Appellants (Appellants below),

v.

Carl J. TURNER, Appellee (Appellee below).

No. 3169.

Supreme Court of Wyoming.
March 9, 1964.

Robert A. Gish, of Zaring & Gish, Basin, for appellants.

Elmer J. Scott, of Scott & Joffe, Worland, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

This appeal is the outgrowth of a proceeding before the State Board of Control for adjudication of a water right. The question presented is whether or not the trial court erred in dismissing an attempted appeal for failure of appellants (contestants below) to join an alleged indispensable party as an appellee.

Facts pertinent to the question, briefly stated, are as follows: In the year 1899, a predecessor in interest to appellee, Carl J. Turner (claimant below), obtained from the state engineer a permit to appropriate direct-flow water from a stream for the irrigation of certain lands located in Big Horn County, Wyoming, and included therein was a 40-acre tract embracing the lands here involved. No proof of appropriation to 14.8 acres thereof had ever been made and under date of March 3, 1961, appellee duly filed such proof. Attached to the form of proof was a certificate from the county clerk dated February 11, 1961, stating among other things that record title to the land in question "Is in the name of Carl J. Turner and Helen S. Turner." [1] However, on the same form, appellee on March 3, 1961, stated, under oath, that he was the owner of the lands involved. The statement was verified by Mrs. Turner. At the hearing on August 28, 1961, before the superintendent of the

water division the parties stipulated "and agreed that the applicant, Mr. Turner, is the owner" of the lands involved, and no evidence was presented on the matter of ownership. Following the hearing, the superintendent, in keeping with statutory procedure, transmitted the evidence taken at the hearing to the board; and under date of November 16, 1961, the board, after argument by counsel and upon consideration of the evidence, made a determination that the contests of appellants should be dismissed. Its "Findings and Order" were entered accordingly and therein the board directed that a Certificate of Appropriation be issued in the name of Carl J. Turner and Helen S. Turner. Such a certificate was issued to the Turners on January 2, 1962.

Thereupon the several contestants as appellants joined in an appeal to the district court. The notice of appeal filed on January 26, 1962, was directed to the board and to Carl J. Turner, and personal service was made on Carl J. Turner. In due time appellants, as required by statute, filed their petition setting forth their cause of complaint and named Carl J. Turner as sole appellee. By way of answer, appellee questioned the trial court's jurisdiction over the subject matter for failure to join an indispensable party, and at the pretrial the court inquired into the defense as a preliminary matter. The defense was based upon the failure of appellants to join Mrs. Turner as an appellee and to serve notice of appeal and a copy of the petition and summons upon her. After argument, the trial court found:

"That the order of the Board of Control appealed from herein dated November 16, 1961, allows a certificate of appropriation to Carl J. Turner and Helen S. Turner; that Helen S. Turner has not been joined as Appellee in this proceeding as required by the provi-

---

1. Appellee states in his brief that the Turners took title in their names as "husband and wife, as joint tenants with right of survivorship and not as tenants in common." It may well be that the deed so states, but it is not in the record.

Neither is the fact that the Turners were husband and wife established in the evidence, but counsel in their arguments and briefs concede the fact and we shall proceed on that basis.

sions of Section 41–193 et seq.; that Helen S. Turner is an indispensable party to the appeal and that by reason of the failure of Appellants to join her as a party and obtain service upon her, the Court is without jurisdiction."

Thereupon an order of dismissal was entered and such order is brought here by appellants for review.

■ Before proceeding further, it may be helpful for better understanding to describe briefly the nature and purpose of the type of proceeding here involved. Under our laws, the board is vested with authority[2] to adjudicate rights to appropriate water for beneficial use and to determine priorities. Primarily its duties are administrative, but in the exercise of its powers it acts in a quasi-judicial capacity. The purpose of the proceeding is to afford a claimant an opportunity to obtain and publicly record evidence of his title and right to make use of the public waters. Farm Investment Co. v. Carpenter, 9 Wyo. 110, 61 P. 258, 267, 50 L.R.A. 747, 87 Am.St.Rep. 918; and Laramie Irrigation & Power Co. v. Grant, 44 Wyo. 392, 13 P.2d 235. Decisions rendered by the board are subject to review by the courts, and the method of appeal from the board to the district court is wholly statutory. Section 41–193, W.S.1957. The appeal "is merely a continuation of those proceedings [board's] in an appellate tribunal." Willey v. Decker, 11 Wyo. 496, 73 P. 210, 227, 100 Am.St.Rep. 939.

In determining those persons necessary to be included as parties to the appeal, we first look to the statutes.

Section 41–193, W.S.1957, provides in part:

"Any party or number of parties acting jointly, who may feel themselves aggrieved by the determination of the board of control, may have an appeal from the board of control to the district court * * *. All persons joining in the appeal shall be joined as ap-

pellants and all persons having interests adverse to the parties appealing, or either of them, shall be joined as appellees."

Section 41–198, W.S.1957, provides in part:

" * * * that the practice on appeal in the district court, as to pleadings necessary to be filed and the admission of evidence upon the trial, shall be the same as is now or may hereafter be provided for by law regulating appeals from the justice court."

Section 1–625, W.S.1957, relating to justice court procedure, provides:

" * * * The case shall be tried de novo and the trial shall be had upon the pleadings and issues filed and made in the court appealed from * * *."

The principal claim of error advanced by the appellants is the holding of the trial court that the wife of appellee, Helen S. Turner, was an indispensable party to the appeal.

■ In considering such contention it is necessary first to revert to the requirements concerning the matter of parties to the proceeding below. While the statutes speak of the necessity for "all claimants interested in such stream" to appear and submit proof (§ 41–174, W.S.1957) and the issuance of certificates of appropriation to each person "represented in such determination" (§ 41–189, W.S.1957), no fixed standards concerning necessary or proper parties are actually set forth. Under such circumstances, general rules are usually applicable. 73 C.J.S. Public Administrative Bodies and Procedure § 119. We have not heretofore had the precise question of parties before the board, but in State v. Laramie Rivers Co., 59 Wyo. 9, 136 P.2d 487, 497, it was held that in an adjudication proceeding before the court, the court was without power to grant a water right to a person not appearing as a claimant before it. The reason

---

2. The power of the board in this respect is concurrent with that of the courts.

Simmons v. Ramsbottom, 51 Wyo. 419, 68 P.2d 153, 157.

underlying the rule was succinctly stated as follows:

" * * * To hold, then, that a perfected water right could be adjudicated by the court for any particular part of the 49030 acres, definitely affixed thereto, in favor of any particular party (the owner) not before the court, and who did nothing whatsoever to acquire the right so far as the record shows, would be to hold that a perfected water right may be acquired in a rather unusual manner, contrary to all precedents, and that it may be created by mere judicial fiat. That cannot be so. * * * "

If it cannot be done by "judicial fiat" it cannot be done by "administrative fiat." We so indicated in the same case concerning the board's functions when we said, at 136 P.2d 495, that *Claimants* then must make their proof; adjudications are made in favor of *claimants* and no one else." A judgment cannot be issued either for or against a person who is not a party to an action. Riffle v. Sioux City & Rock Springs Coal Mining Co., 20 Wyo. 442, 124 P. 508, 509. And see 1 Freeman, Judgments, § 422, p. 918 (5th Ed.); 30A Am.Jur., Judgments, § 73; and 49 C.J.S. Judgments § 28. Neither is a person made a party to a proceeding simply by including his name in the order or decree entered. McDonnell v. Southern Pacific Company, 79 Ariz. 10, 281 P.2d 792, 793.

▓▓▓ Apparently it is the board's mode of procedure to issue the certificate in the name of the record owners of the land, and its authority to pursue that course is not really questioned by the appellants. They insist, however, that in order to accomplish that purpose the board is duty bound to see that the owners are properly made parties to the proceeding, and with this we agree. When the board received from the County Clerk of Big Horn County the certification as to the last deed of record showing title to be in the name of Carl J. Turner and Helen S. Turner, if it expected to grant Helen S. Turner any rights, it was faced with the alternative of making her a party to the proceedings by requiring amendment of the proof or staying the proceeding until that was accomplished. It did neither and, as we have seen, simply named her as an appropriator in the order and in the certificate. Under the general principles heretofore announced, it is clear that to this extent the board exceeded its authority.

▓▓▓ As was made abundantly clear in the Riffle case, any person who is not a party in an original action is not a necessary party to an appeal, and any interpretation of the last sentence of § 41–193 relating to the joining of "all persons having interests adverse to the parties appealing" may not be interpreted in contravention of this principle.

From what has been said, it follows that the order of the trial court dismissing the appeal was improper, and the trial court is directed to proceed in accordance with the views herein expressed.

Reversed.